ORDER
PER CURIAM:
Veteran Wayne Livesay appeals, pro se, two December 23,1999, Board of Veterans’ Appeals (Board) decisions. In the first decision, the Board determined that neither a December 1985 Board decision denying a claim for service connection for a chronic disorder of the larynx nor a November 1987 Board decision denying a claim on reconsideration was the product of clear and unmistakable error (CUE). In the second decision, the Board denied Mr. Livesay’s claim for an effective date earlier than January 2, 1997, for his service-connected disorder of the larynx, including laryngeal carcinoma.
While this appeal has been pending, the Veterans Claims Assistance Act of 2000, Pub.L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), was enacted. The VCAA, among other things, amended 38 U.S.C. § 5103 to clarify VA’s duty to notify claimants and their representatives of any information or evidence that is necessary to substantiate their claims. The VCAA also created § 5103A, which specified VA’s duty to assist.
On November 15, 2000, this appeal was stayed pending possible arrangements for representation of Mr. Livesay. Thereafter, Mr. Livesay notified the Court that he did not wish to have representation. On December 7, 2000, the Court revoked its November 15, 2000, order and submitted the case to a panel. On February 28, 2001, this case was submitted to the full Court for a decision.
On March 8, 2001, the National Organization of Veterans Advocates (NOVA) filed an unopposed (by either Mr. Livesay or the Secretary) motion for leave to file an amicus brief. On March 19, 2001, the Secretary filed a “Motion for Leave to File a Supplemental Brief and Clarification of the Secretary’s Position Regarding NOVA’s Motion for Leave to File Amicus Brief.”
Upon consideration of the foregoing, it is
ORDERED that NOVA’s motion for leave to file an amicus brief is granted. It is further
ORDERED that the Secretary’s motion for leave to file a supplemental brief is granted. It is further
ORDERED that, not later than 30 days after the date of this order, the Secretary file with the Court and serve on Mr. Live-say and the amicus curiae a supplemental brief on the potential impact, if any, of the VCAA on Mr. Livesay’s claims. See generally 38 U.S.C. §§ 5109A, 5110, 7111; Disabled American Veterans v. Gober, 234 F.3d 682 (Fed.Cir.2000); Holliday v. Principi, 14 Vet.App. 280 (2001); Smith (Claudus) v. Gober, 14 Vet.App. 227 (2000); cf. Pierce v. Principi, 240 F.3d 1348 (Fed.Cir.2001). It is further
*325 ORDERED that, not later than 15 days after service of the Secretary’s supplemental brief, Mr. Livesay may file a reply thereto addressing the same issue stated above. It is further
ORDERED that NOVA file an amicus brief within the same time period allotted to Mr. Livesay in the preceding paragraph.