Opinion for the court filed by Circuit Judge BRYSON.
Dissenting opinion filed by Circuit Judge REYNA.
BRYSON, Circuit Judge.
Franklyn Morrison appeals from a decision of the Court of Appeals for Veterans Claims (“CAVC”). The court upheld a ruling by the Board of Veterans’ Appeals denying Mr. Morrison’s request for an earlier effective date for disability benefits he is receiving from the Department of Veterans Affairs (“DVA”). We affirm.
I
Mr. Morrison, a former member of the United States Marine Corps, sought disability benefits for post-concussion syndrome stemming from an in-service injury. In 1979, a regional office of the Veterans Administration (as the DVA was then called) awarded him service connection for his disability and rated the degree of his disability at 100 percent. The regional office, however, found “no evidence of psychiatric disease,” noted that “[n]o seizure activity ha[d] been observed,” and informed Mr. Morrison that he would be required to appear for a reexamination in 1981 to determine if his condition had improved.
In early 1981, the Veterans Administration scheduled a follow-up physical examination, first for May and then for July. Mr. Morrison failed to report for either examination. In July 1981, Mr. Morrison informed the Veterans Administration that he would be attending school in Fairbanks, Alaska. In September, therefore, the regional office notified him that another *918 physical examination would be scheduled in December 1981, this time in Alaska. Mr. Morrison again did not appear at the designated time. Later that month, the regional office advised Mr. Morrison that because he had failed to appear for the scheduled medical appointments, his disability benefits would be discontinued. Payments were stopped as of January 1, 1982.
In early 1982, the Veterans Administration received a communication from Mr. Morrison. Although the letter was signed and dated August 24, 1981, date stamps on that document reflect that it was not received by the VA until January or early February of 1982. Accordingly, the Board and the CAVC refer to that letter as the February 1982 letter. In that letter, Mr. Morrison stated that he was responding to the notice to appear for a physical examination on July 31, 1981. He claimed that he had not received the notice until August 19, 1981. He stated that he wanted to reschedule his physical examination, and he urged that his compensation not be discontinued.
The regional office treated the February 1982 letter as a request by Mr. Morrison to reopen his case, and it conducted a physical examination in March 1982. Following that examination, the regional office determined that Mr. Morrison’s condition no longer warranted disability compensation, and it assigned him a rating of zero percent, effective January 1, 1982. Mr. Morrison filed a notice of disagreement. As a result, he received a second re-examination the following year. Following that examination, the regional office increased his rating to 10 percent, retroactive to the same January 1, 1982, date on which his disability payments had been discontinued.
Mr. Morrison appealed that determination to the Board of Veterans’ Appeals, seeking an increased rating for his post-concussive disability to at least 50 percent. The Board denied his request in December 1984. Noting the absence of a diagnosis of nonpsychotic organic brain syndrome, and applying the rating schedule designated for “brain disease due to trauma with purely subjective complaints,” the Board upheld the 10 percent rating.
In 1997, the DVA reopened Mr. Morrison’s case. After determining that he was suffering from a condition similar to a major seizure disorder, the regional office increased his rating to 100 percent. Following that action, Mr. Morrison sought to have the 100 percent rating applied retroactively to 1982. Mr. Morrison first asked the Board to do so in 1997, but the Board denied that request and made his 100 percent rating effective as of January 5, 1996, the date he moved to reopen his claim.
In 2007, Mr. Morrison returned to the Board and filed a motion contending that the Board’s 1984 decision contained clear and unmistakable error (“CUE”). He predicated his argument on an assertion that the Board had improperly weighed the evidence before it in 1984. After an adverse ruling by the Board and an appeal to the CAVC, the case was remanded to the Board pursuant to a joint motion for remand. The parties agreed that Mr. Morrison would abandon the CUE theory addressed by the Board but could present an argument that the 1984 Board had committed CUE when it failed to apply 38 C.F.R. § 3.343(a), which provided that a veteran’s disability rating would not be reduced from 100 percent without a physical examination showing material improvement.
The Board rejected that argument in 2008 on the ground that section 3.343 was not applicable to a veteran whose disability compensation had already been discontinued for failure to report for a physical reexamination. Mr. Morrison again appeal *919 ed to the CAVC, and the court again remanded the case to the Board pursuant to another joint motion for remand. This time, the parties agreed that the Board should consider whether Mr. Morrison had an “adequate reason” for not reporting for the re-examinations scheduled by the Veterans Administration in 1981, as contemplated by the regulation governing discontinued payments, 38 C.F.R. § 3.655.
In a 2009 decision, the Board once more denied Mr. Morrison’s CUE claim. On the merits, it ruled that Mr. Morrison had failed to provide an adequate reason for failing to appear for the December 1981 physical examination. In addition, the Board rejected Mr. Morrison’s argument that the 1984 Board had erred by declining to review the 1981 decision to discontinue his benefits for failure to report. The 2009 Board explained that the 1984 Board was reviewing Mr. Morrison’s challenge to his 10 percent rating; his complaint that the regional office’s December 1981 decision lacked an “adequate reason” finding under section 3.655 “was not properly before the Board” at that time.
Mr. Morrison again appealed to the CAVC. He argued (1) that his letter dated August 24, 1981, constituted a notice of disagreement with the January 1, 1982, discontinuance of his benefits, (2) that the Board in 1984 should have reversed the decision to discontinue his benefits in January 1982 because there had been no explicit finding that he lacked an adequate reason for failing to report for his physical examination, (3) that he had such a reason, and (4) that the Board was required to determine whether he had such a reason before affirming his 10 percent disability rating in 1984.
The CAVC rejected each of those arguments. First, it found that Mr. Morrison had not filed a notice of disagreement with the December 1981 decision to discontinue his benefits, and thus the Board in 1984 was not required to address his complaints about that decision. Second, the court ruled that even if Mr. Morrison had perfected an appeal from that decision, the governing regulation, 38 C.F.R. § 3.655 (as in effect between 1981 and 1984), did not require the Veterans Administration to make an express finding that Mr. Morrison lacked an adequate reason for missing his physical examination appointments. Finally, the court held that even if such a finding were needed, the record did not support his claim that the Board would have had to find that he had an adequate reason for missing his appointments. Accordingly, the court held that Mr. Morrison had failed to show that the 1984 Board decision contained CUE.
II
In his appeal to this court, Mr. Morrison returns to the two issues on which his case was previously remanded from the CAVC to the Board. In particular, he argues that the CAVC misinterpreted DVA regulations in two respects: first, by applying the regulation governing discontinuances of benefits (38 C.F.R. § 3.655), it failed to make an explicit finding, based on evidence, that there was no adequate reason for Mr. Morrison’s failure to appear for his scheduled physical examinations; and second, by failing to apply the regulation governing reductions in ratings (38 C.F.R. § 3.343) when it reduced his rating from 100 percent to zero percent in 1982 without a prior physical examination. We hold that both arguments are procedurally barred and that, even if they were not, Mr. Morrison has not shown that curing the claimed errors would have changed the outcome of his ratings decisions in the early 1980s.
1. To begin with, neither issue is properly before this court. First, as to *920 section B.655, the CAVC held that Mr. Morrison did not submit a notice of disagreement with regard to the December 1981 decision to discontinue his benefits, but instead merely sought reopening of his case after the discontinuation was effected. Mr. Morrison argued that his February 1982 letter constituted a notice of disagreement with the decision to discontinue his benefits in December 1981. But the 2009 Board disagreed with that characterization, because the letter was signed and dated August 24, 1981, before the December 1981 suspension of benefits, and it referred to Mr. Morrison’s failure to appear for the July 1981 scheduled examination, not the December 1981 scheduled examination. Based on those facts, the CAVC agreed with the Board that the February 1982 letter “does not express disagreement with the December 1981 RO decision” and therefore “the Board in 1984 was not required to address the RO’s December 1981 decision.”
The CAVC’s determination that the February 1982 letter did not constitute a notice of disagreement that gave the Board jurisdiction to review the December 1981 discontinuation decision is, at most, an application of law to fact, and it therefore falls outside our jurisdiction. See 38 U.S.C. § 7292(d)(2); Conway v. Principi, 358 F.3d 1369, 1372 (Fed.Cir.2004). Consequently, we are bound by the findings that the section 3.655 issue Mr. Morrison now seeks to raise was not presented as a claim for the 1984 Board to resolve. Because the propriety of the decision discontinuing Mr. Morrison’s benefits was not presented to the Board, the Board’s 1984 decision did not discuss that claim and cannot be held to be clearly and unmistakably erroneous for not doing so.[1]
Mr. Morrison argues that the 1984 Board was obligated to assess the propriety of the discontinuance — and thus the proper procedure under section 3.655 — as part of its overall consideration of the reduction in his rating. In support of that argument, he invokes 38 C.F.R. § 20.1403(a), which provides that a previous Board decision may contain CUE if “the statutory and regulatory provisions extant at the time were incorrectly applied,” and he contends that the 1984 Board “erred in failing to apply the law that existed at the time.” But Mr. Morrison’s failure to file a notice of disagreement as to the discontinuation of benefits meant that there was no challenge to that *921 action before the Board in 1984, so on the record before it the Board cannot be held to have “incorrectly applied” any statutory or regulatory provisions at that time. See Cook v. Principi, 318 F.3d 1334, 1343 (Fed.Cir.2002) (en banc), quoting Caffrey v. Brown, 6 Vet.App. 377, 383 (1994) (in order for an error to rise to the level of CUE, the asserted error “must have occurred on the record ‘as it existed at the time of the disputed adjudication’ ”); Pierce v. Principi, 240 F.3d 1348, 1354 (Fed.Cir.2001).
Mr. Morrison’s position, in essence, is that the 1984 Board was required to judge the propriety of the discontinuance pursuant to section 3.655, even though in order to do so it would have had to anticipate and rule on a claim that Mr. Morrison never raised in his 1984 appeal. Before the Board in 1984, Mr. Morrison’s complaint was squarely focused on the medical merits of the decision to assign him a rating of only 10 percent; he did not make the separate claim that the discontinuance of his benefits was flawed because the regional office failed to find that he lacked an “adequate reason” for missing his medical examinations. We decline to find that the Board committed clear and unmistakable error with regard to the section 3.655 claim when Mr. Morrison did not challenge the discontinuation decision before the Board.
Mr. Morrison gives only passing attention to his second claim, that the Board violated section 3.343 independent of the alleged violation of section 3.655. In any event, however, that claim is barred because Mr. Morrison waived it by not presenting it to the CAVC. Section 3.343 provides that a total disability rating “will not be reduced, in the absence of clear error, without examination showing material improvement in physical or mental condition.” The 2009 Board held that the regulation does not apply in the case of a veteran who, like Mr. Morrison, has had his disability benefits discontinued for failure to report for re-examination. Mr. Morrison did not challenge that interpretation of section 3.343 before the CAVC. Instead, his argument before the CAVC was that the Veterans Administration violated section 3.655 by discontinuing his benefits without first making an affirmative finding that he had no adequate explanation for his failure to attend the scheduled physical examinations. His argument under section 3.343 was dependent on that section 3.655 point: He claims that if his benefits had not been unlawfully discontinued, in violation of section 3.655, he would have been entitled to receive a medical examination under section 3.343 before his rating was reduced. Mr. Morrison did not argue that section 3.343 applied even if the discontinuation of benefits was lawful.
Mr. Morrison’s failure to press a separate argument based on section 3.343 before the CAVC, notwithstanding that he was represented by counsel, constitutes a waiver of that argument for purposes of the present appeal. See Andre v. Principi, 301 F.3d 1354, 1363 (Fed.Cir.2002). Thus, Mr. Morrison’s arguments before this court are procedurally defective because he did not preserve his section 3.655 claim before the Board in his 1984 appeal, and he did not preserve a separate section 3.343 claim before the CAVC in the present appeal.
2. Apart from those procedural grounds, there is another problem with Mr. Morrison’s CUE claim. Although he contends that he was prejudiced by the application of section 3.655 in his case, the relief he requests is for the court to hold that pursuant to section 3.343 he was entitled to a physical examination and a finding of material improvement before his rating was reduced. Yet a medical exami *922 nation was promptly scheduled and held in his case after he contacted the Veterans Administration in January 1982, and a second examination was held in 1983. The upshot of those examinations was that his rating was reduced to 10 percent, retroactive to January 1,1982.
Mr. Morrison has not given us any reason to believe that the outcome of his medical examinations would have been any different if the regional office had not discontinued Mr. Morrison’s benefits in January 1982 and had conducted the medical examinations pursuant to section 3.343, rather than pursuant to his request to reopen his claim. Following both the 1982 and 1983 examinations, the examining physician found “no objective evidence of disability” and “little objective physical findings to substantiate a diagnosis of post concussion syndrome.” Although the examination that was conducted 14 years later, in 1997, resulted in a diagnosis of a serious seizure-like condition, there is no reason to believe that examinations in 1982 or 1983 would have produced a different result if they had been conducted under section 3.343 rather than under section 3.655. There is thus no indication in the record that a different interpretation of section 3.655 would have had the effect of avoiding the reduction in Mr. Morrison’s rating that occurred in 1983.
It is well settled that one of the required elements of a CUE claim is that the veteran must show that if the claimed error had not been made, it would have manifestly changed the outcome of the case. 20 C.F.R. § 20.1403(a); Cook, 318 F.3d at 1343. Mr. Morrison has not made such a showing here, i.e., that he would not have suffered the reduction in his rating that followed his 1982 and 1983 medical examinations.[2] We therefore reject his claim that the Board in 1984 committed clear and unmistakable error in denying his challenge to the regional office’s 1983 disability rating.
No costs.
AFFIRMED

. The dissent contends that we have jurisdiction over the section 3.655 issue because the "interpretation of the 1981 notice of disagreement regulation is a legal issue properly before this court.” In fact, neither the VA nor the CAVC interpreted the 1981 regulation governing notices of disagreement. Citing the language of the regulation, the Board found as a matter of fact that the February 1982 letter did not "express[] disagreement or dissatisfaction with [the December 1981] decision”; the Board further found that the letter was dated and signed on August 24, 1981, prior to the issuance of the December 1981 decision and that Mr. Morrison "had not received the December 1981 decision at the time he wrote the [letter].” The CAVC agreed with the Board that the letter "does not express disagreement with the December 1981 RO decision” as it "fails to reference any adjudicative action, but rather provides an excuse for missing the July 1981 VA examination." The court added that "[t]he appellant's simple request that his benefits not be reduced based on his failure to report for his July VA examination cannot be reasonably construed as a disagreement with the December 1981 RO determination, which suspended his benefits based on his failure to report for this December VA examination.... The letter’s substance simply fails to present disagreement with an adjudicative action.” While the dissent does not agree with that conclusion, the dissent’s objection is not to the court’s interpretation of a regulation, but to its application of that regulation to the particular facts of this case.

. The dissent argues that Mr. Morrison was prejudiced by the fact that his examination was conducted after his benefits were discontinued, because he was required to show service connection, which he would not have been required to show if his benefits had been ongoing at the time of his 1982 examination. What that overlooks is that service connection was never an issue in Mr. Morrison’s case: his condition was regarded as service connected throughout. What was at issue was the severity of his disability, and neither Mr. Morrison nor the dissent has offered any reason to believe that the medical conclusions as to the substantial reduction in the severity of his disability would have been different if he had been receiving benefits at the time of his 1982 examination. Moreover, in the context of a CUE claim, the claimant must show that the error is “undebatable” and "the sort which, had it not been made, would have manifestly changed the outcome at the time it was made.” Morris v. Shinseki, 678 F.3d 1346, 1351 (Fed.Cir.2012). It is not enough to conclude, as the dissent does, that the VA’s findings that Mr. Morrison was entitled to only a 10 percent disability rating "do not necessarily meet the material improvement standard.”