Citation Nr: 1829614 
Decision Date: 06/26/18 Archive Date: 07/02/18

DOCKET NO. 15-21 395 ) DATE
 )
 )


THE ISSUE

Whether an April 21, 2011 decision of the Board of Veterans' Appeals addressing entitlement to a rating in excess of 10 percent for rhinitis with sinusitis should be revised or reversed based on clear and unmistakable error (CUE). 


REPRESENTATION

Moving party represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

C.A. Skow, Counsel


INTRODUCTION

The Veteran served on active duty from March 1972 to March 1976.

On April 21, 2011 the Board of Veterans' Appeals (Board) denied the Veteran's claim of entitlement to a rating in excess of 10 percent for chronic rhinitis with sinusitis, which came before the Board on appeal from a September 2004 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas.


FINDINGS OF FACT

1. In an April 22, 2011 decision, the Board denied entitlement to a rating in excess of 10 percent for rhinitis with sinusitis under 38 C.F.R. § 4.97, Diagnostic Code 6010-6514.

2. The Board decision does not reflect consideration, meaningful or otherwise, of favorable medical and lay evidence associated with the claims file.

3. The evidence not considered by the Board reflects that the Veteran's disability met the criteria for a 30 percent rating under 38 C.F.R. § 4.97, Diagnostic Code 6514.

4. The Board's failure to consider the favorable medical and lay evidence associated with the record manifestly changed the outcome of the April 2011 Board decision.


CONCLUSION OF LAW

The April 2011 Board decision was clearly and unmistakably erroneous; a 30 percent disability evaluation for the Veteran's service connected rhinitis with sinusitis is warranted. 38 U.S.C. §§ 7111 (West 2016); 38 C.F.R. §§ 20.1403, 20.1406 (2017); and 38 U.S.C.A. § 1155, 5103, 55103A, 5107 (West 2002 & Supp. 2010); 38 C.F.R. § 4.97, Diagnostic Code 6514 (2010).



REASONS AND BASES FOR FINDINGS AND CONCLUSION

In June 2011, VA received from the Veteran a motion to revise an Apri 21, 2011 Board decision that denied his claim for an increased rating for rhinitis with sinusitis rated at 10 percent under 38 C.F.R. § 4.97, Diagnostic Code 6514.

His motion alleges that the April 2011 Board decision erred when it did not consider, much less address, favorable lay and medical evidence in the record. The Veteran identified this evidence as follows:

1. Dr. H's April 2006 favorable medical opinion [showing that the Veteran had more than 6 non-incapacitating episodes a year of sinusitis characterized by headache, pain and purulent discharge or crusting, treated with medications prescribed by him and bed rest. See Medical Treatment Record - Non-Government Facility (April 2006)].

2. Medical Certificate of February 2006 [showing that he had 8-10 annual absences due to sinus disability. See Medical Treatment Record - Non-Government Facility (March 2011)].

3. Multiple lay statements from co-workers [showing that he had absences due to sinus disability missing more than 6 days a year from his job at the U.S. Postal Service. See Buddy/Lay statements - (June 2008 and March 2011)].

4. Competent and credible sworn testimony given before a Veterans Law Judge in January 2010 [wherein he denied statements attributed to him on the May 2010 VA examination, and clarified that he actually had symptoms that more nearly approximated those required for the next higher rating. See Hearing Testimony (January 2010)].


Legal Criteria

A prior final Board decision must be revised or reversed where the evidence establishes CUE in that decision. 38 U.S.C. § 7111; 38 C.F.R. §§ 20.1400-1411.

To warrant a finding of CUE, there must have been the kind of error, of fact or of law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the results would have been manifestly different but for the error. 38 C.F.R. § 20.1403 (c); see also Bustos v. West, 179 F.3d 1378, 1380-81 (Fed. Cir. 1999). The basis for this standard is that, "even where the premise of error is accepted, if it is not absolutely clear that a different result would have ensued, the error complained of cannot be, ipso facto, clear and unmistakable." Fugo v. Brown, 6 Vet. App. 40, 43-44 (1993).

A CUE motion must be based on the evidence and applicable law at the time of decision being challenged. 38 C.F.R. § 20.1403(a); see also Pierce v. Principi, 240 F.3d 1348, 1354 (Fed. Cir. 2001).

Analysis

As a threshold matter, the Board finds that the Veteran had alleged CUE with the requisite specificity to consider the motion. 38 C.F.R. § 20.1404(b).

The Board has carefully reviewed the evidence of record to include the April 22, 2011 Board decision and the Veteran's allegations of CUE in that decision. The record establishes that, in an April 22, 2011 decision, the Board denied entitlement to a rating in excess of 10 percent for rhinitis with sinusitis under 38 C.F.R. § 4.97, Diagnostic Code 6010-6514. A higher 30 percent rating for rhinitis with sinusitis is warranted under the law extant at that time where: There are 3 or more incapacitating episodes per year of sinusitis requiring prolonged (lasting 4-6 weeks) antibiotic treatment, or; more than 6 non-incapacitating episodes per year of sinusitis characterized by headache, pain, and purulent discharge or crusting. 38 C.F.R. § 4.97, Diagnostic Code 6510-6514 (General Rating Formula for Sinusitis) (2010).
The evidence of record at the time to the Board's April 21, 2011 decision included the evidence identified by the Veteran in his motion. However, the Board decision does not reflect consideration, meaningful or otherwise, of this favorable medical and lay evidence. The Board decision does not even acknowledge the April 2006 favorable private medical opinion. The Board decision relied exclusively on the 2006, 2009, and 2010 VA examination reports.

The Board finds that the evidence not considered by the Board reflects that the Veteran's disability met the criteria for a 30 percent rating under 38 C.F.R. § 4.97, Diagnostic Code 6510-6514. The Board further finds that, at a minimum, the evidence ignored by the Board placed the matter in equipoise-this is undebatable. See 38 U.S.C. § 5107(b); 38 C.F.R. § 4.3 (Reasonable doubt resolved in favor of claimant). Therefore, the undersigned concludes that the Board's failure to consider the favorable medical and lay evidence associated with the record manifestly, which is both competent and credible, changed the outcome of the April 2011 Board decision.

This case does not turn on a mere disagreement as to how the facts were weighed, which would be an instance where there is no CUE. Here, the Board did not consider or weigh the favorable evidence identified by the Veteran in his motion for revision and of record at the time of the Board's April 21, 2011 decision. Because it is undebatable that the evidence of record at the time of the Board's April 21, 2011 decision was at a minimum evenly balanced or in equipoise as to whether the Veteran met the criteria for the assignment of a 30 percent rating for rhinitis with sinusitis, the Board erred in denying the claim for increase.

Accordingly, the motion for revision based on CUE is granted; and a 30 percent disability evaluation for the Veteran's service connected rhinitis with sinusitis is warranted. 38 U.S.C. §§ 7111 (West 2016); 38 C.F.R. §§ 20.1403, 20.1406 (2017); and 38 U.S.C.A. § 1155, 5103, 55103A, 5107 (West 2002 & Supp. 2010); 38 C.F.R. § 4.97, Diagnostic Code 6510-6514 (2010).

The Board notes that the Veteran does not contend nor does the record show that, at the time of the April 21, 2011 Board decision, he met the criteria for a rating greater than 30 percent, which requires sinus surgery.


ORDER

CUE has been found in the April 21, 2011 Board decision and entitlement to a 30 percent rating for rhinitis with sinusitis is granted subject to the laws and regulations governing the payment of monetary benefits; and to this extent, the CUE motion is granted.




 ____________________________________________
 DONNIE R. HACHEY
 Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs