NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DEBRA D. BAKER,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1972

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-7626, Judge Grant Jaquith.

---

Decided: December 19, 2024

---

N. ALBERT BACHARACH, JR., N. Albert Bacharach, Jr., P.A., Gainesville, FL, argued for claimant-appellant.

MATTHEW JUDE CARHART, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY; JONATHAN KRISCH, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, *Chief Judge*, CHEN, *Circuit Judge*, and MURPHY, *District Judge*.[1]

MOORE, *Chief Judge*.

Debra Baker appeals a decision of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming the denial by the Board of Veterans' Appeals (Board) of Ms. Baker's motion to revise a prior Board decision on the basis of clear and unmistakable error (CUE). We vacate and remand.

## BACKGROUND

Ms. Baker served in the United States Air Force from 1979 until 1992. During service, she was treated for dizziness, nausea, and vomiting. In September 1991, Ms. Baker was referred to a medical evaluation board (MEB). Based on spinal fluid analysis and magnetic resonance imaging (MRI) of Ms. Baker's head, a military neurologist opined that she "*most likely* represented multiple sclerosis, but did not meet all the criteria" and diagnosed Ms. Baker with "*probable* multiple sclerosis." Appx. 26 (emphases added). In December 1991, the MEB issued a report that diagnosed Ms. Baker with "[*p*]*robable* multiple sclerosis" and recommended placing her on a "temporary disability retirement list (TDRL) for further evaluation and treatment." Appx. 28 (emphasis added). In March 1992, Ms. Baker was discharged from service based on her placement on TDRL. Appx. 30.

Directly after discharge, Ms. Baker filed for benefits with the United States Department of Veterans Affairs

---

[1]    Honorable John F. Murphy, District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

(VA), requesting disability compensation based on several conditions, including multiple sclerosis. In April 1992, a VA physician examined Ms. Baker and concluded she did not "show any clinical symptoms to suggest" multiple sclerosis. Appx. 32. The physician noted he had not been provided with Ms. Baker's claim file or the results of her MRI and spinal fluid analysis, and then stated that the prior diagnosis had been "*possible* multiple sclerosis." *Id.* at 31 (emphasis added); *see* Appx. 26. There is no dispute that the prior diagnosis was "probable," not "possible," multiple sclerosis. Appx. 26. The same physician was subsequently provided a copy of Ms. Baker's claim file and concluded Ms. Baker did not "clinically, or physically, have enough information to prove the diagnosis of multiple sclerosis." Appx. 34.

In September 1992, a VA Regional Office (RO) denied service connection for multiple sclerosis. Ms. Baker did not appeal the denial of service connection for multiple sclerosis, and the claim became final. In May 2009, Ms. Baker sought to reopen her previously denied claim for benefits based on multiple sclerosis. In 2014, the RO granted service connection for multiple sclerosis and assigned an effective date of May 8, 2009, the date of Ms. Baker's claim to reopen.

Ms. Baker appealed the RO's effective date determination, arguing the September 1992 denial of service connection was clearly and unmistakably erroneous. *See* Appx. 11. The Board held Ms. Baker had not established CUE in the September 1992 decision. The Veterans Court affirmed the Board's decision, but it did not address Ms. Baker's argument that the September 1992 decision failed to apply the statutory benefit of the doubt rule. *See* Brief for Appellant at 13–14, *Baker v. McDonough*, No. 21-7626, 2023 WL 2259740 (Vet. App. Feb. 28, 2023). Ms. Baker appeals. We have jurisdiction pursuant to 38 U.S.C. § 7292.

### DISCUSSION

"At any time, a veteran may ask the Board or regional office to revise a final benefits decision on grounds of 'clear and unmistakable error.'" *George v. McDonough*, 596 U.S. 740, 744 (2022) (citing 38 U.S.C. § 5109A). The elements of CUE are well-established: (1) either the correct facts, as they were known at the time, were not before the adjudicator or the statutory or regulatory provisions extant at the time were incorrectly applied; (2) the error was "undebatable" and of the sort that, had it not been made, would have manifestly changed the outcome at the time; and (3) a determination of CUE must be based on the record and law at the time of the prior adjudication. *Willsey v. Peake*, 535 F.3d 1368, 1371 (Fed. Cir. 2008). The party challenging a final decision based on CUE bears the burden of establishing CUE. *Pierce v. Principi*, 240 F.3d 1348, 1355 (Fed. Cir. 2001). Under 38 U.S.C. § 5109A(a), "[i]f evidence establishes [clear and unmistakable] error, the prior decision shall be reversed or revised."

We have jurisdiction to review "all relevant questions of law" and "any regulation or any interpretation thereof (other than a determination as to a factual matter) that was relied upon" by the Veterans Court that is, inter alia, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 38 U.S.C. § 7292(d)(1)(A). In cases that do not implicate constitutional rights, our review does not extend to factual determinations or to "a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). As to CUE challenges specifically, we can review the Veterans Court to determine whether the correct legal standards were applied, but we cannot review the Veterans Court's conclusion as to whether a particular set of facts constitutes CUE. *Willsey*, 535 F.3d at 1372 ("[T]he issue before this court is whether the Veterans Court applied its decision in *Russell* to the question of whether there was CUE in [the relevant

decision], not whether the application of that rule to the particular facts of this case was correct.").

Ms. Baker argues the September 1992 RO decision failed to apply the correct legal standard and is therefore the result of CUE. Ms. Baker argues her records at the time of the RO decision show a diagnosis of "probable multiple sclerosis," Appx. 26; Appx. 28, which satisfies the correct legal standard and therefore should have resulted in a grant of service connection for multiple sclerosis as it would have manifestly changed the outcome at the time. Because the RO erroneously heightened the applicable legal standard in its September 1992 decision and required Ms. Baker to show a definitive diagnosis of multiple sclerosis, Ms. Baker argues the decision denying service connection is invalid on CUE grounds.

The VA is statutorily required to find in favor of a claimant when the evidence of record is in equipoise. The statute at the time of the September 1992 decision stated:

> When, after consideration of all evidence and material of record in a case before the [VA] with respect to benefits under laws administered by the Secretary, there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant.

38 U.S.C. § 5107(b) (Supp. III 1992). The RO was therefore required to find in Ms. Baker's favor if the positive and negative evidence were in approximate balance, that is, when the evidence was in equipoise. *Skoczen v. Shinseki*, 564 F.3d 1319, 1324 (Fed. Cir. 2009) ("[T]he evidence must rise to a state of equipoise for the claimant to 'win.'").

Ms. Baker's argument on appeal, as it was, in part, to the Veterans Court, is that the September 1992 RO decision did not apply this correct legal standard. At the

time of the decision, Ms. Baker's records reflected mixed conclusions on a diagnosis of multiple sclerosis. On the one hand, a military neurologist concluded that Ms. Baker "*most likely* represented multiple sclerosis, but did not meet *all* the criteria." Appx. 26 (emphases added). The military neurologist, as well as the MEB, rendered a diagnosis of "probable multiple sclerosis." *Id.*; Appx. 28.[2] Ms. Baker argues that "probable" indicates that it was more likely than not that, in September 1992, Ms. Baker had multiple sclerosis. On the other hand, a VA physician evaluated Ms. Baker and determined that she did "not show any clinical symptoms to suggest" multiple sclerosis. Appx. 32. It is undebatable that the RO was required to find in her favor *if* the evidence was in equipoise, but nothing in the RO's rating decision suggests whether it made that determination. This is not a question of fact, but rather a question of the correct legal standard that depends on the factual finding of whether the evidence was in equipoise. *Willsey*, 535 F.3d at 1372 (assessing whether the correct legal standard was applied may require

---

[2] The VA physician's April 1992 report incorrectly lists Ms. Baker's earlier diagnosis as "possible multiple sclerosis." Appx. 31. Though the examining physician performed his own neurological assessment of Ms. Baker, this statement is not indicative of that assessment, but instead inaccurately recites Ms. Baker's prior diagnosis based on previous test results, to which the physician expressly stated he had not been provided access. *Compare id.* ("The results of [the spinal fluid analysis and MRI scans of the brain] are not available. I do not have her C-file but the diagnosis of *possible* multiple sclerosis was made." (emphasis added)), *with* Appx. 26 (explaining results of Ms. Baker's head MRI and lumbar puncture and concluding her "[d]iagnosis at this time is *probable* multiple sclerosis" (emphasis added)).

"address[ing] the facts of the case, and the court's analysis of those facts, in some detail").

In adjudicating Ms. Baker's CUE claim, the Board held Ms. Baker had not established CUE in the September 1992 RO decision because she did not show that the record before the RO reflected an undebatable diagnosis of multiple sclerosis at the time. Appx. 13 ("[T]here was no clear and unmistakable error in the September 1992 rating decision that denied service connection for multiple sclerosis. Critically, based on the record that existed at the time of the September 1992 rating decision, the evidence was unclear as to whether the Veteran had multiple sclerosis . . . ."); *see id.* at 14–15 ("At the time of the September 1992 rating decision, the record was ambiguous as to whether the Veteran actually had multiple sclerosis."). But Ms. Baker is not required to prove that she definitively had multiple sclerosis in September 1992 to succeed in her CUE claim. She must show only that the RO in September 1992 used the incorrect legal standard and that this error manifestly changed the outcome of her claim. *Willsey*, 535 F.3d at 1371. The Board—and the Veterans Court—erred by failing to evaluate whether it was undebatable that the facts before the RO were in equipoise. By evaluating only whether there was a clear diagnosis and failing to address the benefit of the doubt rule, the Board and the Veterans Court applied the wrong statutory standard. This was a legal error, regardless of how the evidence in Ms. Baker's case was ultimately weighed.

While we do not review factual findings made by the Board or Veterans Court, we note that the Board found "the medical evidence available in September 1992 primarily showed that the Veteran possibly did or possibly did not have multiple sclerosis" and "reasonable minds did differ as to whether the Veteran had multiple sclerosis at the time of the September 1992 rating decision." Appx. 15. This suggests that the Board did find the evidence at the

time of the September 1992 RO decision undebatably was in equipoise, such that the RO was required to apply the benefit of the doubt rule, but the Board failed to expressly make that determination, and we may not make the underlying fact finding ourselves. Ms. Baker would argue she proved even more than equipoise as the record reflected a diagnosis of "probable" multiple sclerosis. Again, we may not make this fact finding in the first instance.

The VA frames Ms. Baker's arguments as contesting a factual finding over which we lack jurisdiction. We do not agree. Ms. Baker argues the RO applied an incorrect legal standard in September 1992, citing 38 U.S.C. § 5107(b), the applicability of which depends on whether the evidence was undebatably in equipoise—a question that the Veterans Court and the Board failed to consider. For the reasons above, we agree with Ms. Baker.

## CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive. We vacate the Veterans Court's decision and remand for the Veterans Court to remand Ms. Baker's CUE claim to the Board for further adjudication.

**VACATED AND REMANDED**

### COSTS

Costs to Ms. Baker.