# United States Court of Appeals for the Federal Circuit

2007-7095

WILLIAM B. WILLSEY,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas argued for claimant-appellant.

Steven J. Gillingham, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC argued for respondent-appellee. With him on the brief were Jeanne E. Davidson, Director, and Richard P. Schroeder, Trial Attorney.

Appealed from: United States Court of Appeals for Veterans Claims

Judge William A. Moorman

# United States Court of Appeals for the Federal Circuit

2007-7095

WILLIAM B. WILLSEY,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 04-0054, Judge William A. Moorman.

_____

DECIDED:  August 11, 2008

_____

Before NEWMAN, <u>Circuit Judge</u>, BRYSON, <u>Circuit Judge</u>, and POGUE,[*] <u>Judge</u>.

POGUE, <u>Judge</u>.

This case raises the question of whether a 1983 denial of disability benefits for Post Traumatic Stress Disorder ("PTSD") was free of Clear and Unmistakable Error ("CUE").  Although the government challenges our jurisdiction to consider the issue, we conclude that the question raised is a legal one subject to our review.  Because there was no CUE in the denial, however, we affirm the decision below.

_____

[*]	Honorable Donald Pogue, Judge, United States Court of International Trade, sitting by designation.

Background

The record indicates that Claimant/Appellant William Willsey ("Willsey") -- who served in the U.S. Army in Vietnam from February 1969 until February 1971-- is disabled by PTSD. What is at issue, however, is the effective date of that disability. The Department of Veterans Affairs ("VA") Regional Office ("RO") recognized Mr. Willsey's disability in 1999, with a 30% rating, and, in 2001, raised his rating to 100%, effective from October 1998. Mr. Willsey, however, seeks an earlier effective date, based on his claim that an earlier 1983 decision denying his claim constituted CUE.

Mr. Willsey's VA records reveal the context of the 1983 denial. The records show that in July of 1982, Mr. Willsey was treated for PTSD in a VA hospital in Danville Illinois; he was also treated as an out-patient by a VA hospital in Peoria Illinois in August 1982. In April 1983, Willsey filed a claim for benefits with the VA. A special psychiatric examination was performed at the VA medical center in Chicago the following June. In the report of that examination, the psychiatric examiner determined that Mr. Willsey was not suffering from PTSD, but noted that the examiner had not seen the records from Willsey's earlier treatments for PTSD and recommended that the VA adjudicator obtain these earlier records. It appears that the VA's records do not definitively resolve the narrow issue of whether the earlier records were obtained by the VA adjudicator. Willsey's claim, however, was denied by the RO in September 1983.[1] Mr. Willsey did not, in 1983, appeal that initial decision.

Instead, in 1996, Willsey applied to have his case re-opened. When the RO denied Willsey's 1996 application, Willsey again did not appeal the decision. However,

---

[1]     The VA made this determination on September 8, 1983.

in October of 1998, Willsey again filed an application to reopen his claim. In response, and as noted above, the RO granted a 30% disability, in June of 1999, but also held that the 1983 decision did not contain CUE. The following July, Willsey filed a notice of disagreement with his initial disability rating and with the denial of his request for revision of his prior VA decisions. The VA provided Mr. Willsey with a "statement of the case" but did not immediately change his rating. Willsey filed another appeal in May 2000. His rating was subsequently raised to 70% and, in April of 2001, the RO increased Willsey's disability rating to 100%, effective from October, 1998, the filing date of his first successful claim. Accordingly, the 2001 decision left open only the question of an earlier effective date. In response, Willsey requested a revision of the 1983 decision, contending again that it was the result of error. In December, 2003 the Board of Veterans Affairs ("BVA" or "Board") denied the request for revision and denied the earlier effective date. The Board also found no CUE in either the 1983 or the 1996 decisions. Willsey appealed the Board's decision to the Court of Appeals for Veterans Claims ("Veterans Court"), but the Veterans Court upheld the Board's ruling. Willsey now appeals the Veterans Court's ruling to this court.

Jurisdiction

It is our view that the Court has "rule of law" jurisdiction, as provided by 38 U.S.C. § 7292(a),[2] over Willsey's claim that the Veterans Court failed, in its review of Willsey's case, to apply the test for establishing a CUE. Section 7292(a) states, in relevant part:

> After a decision of the United States Court of Appeals for Veterans Claims is entered in a case, any party to the case may obtain a review of the decision with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other

---

[2]     38 U.S.C. § 7292(a) (2000), amended by 38 U.S.C. § 7292(a) (Supp. II 2002)

than a determination as to a factual matter) that was relied on by the Court in making the decision.

38 U.S.C. § 7292(a) (2000) amended by 38 U.S.C. § 7292(a) (Supp. II 2002). The rule of law for determining if CUE is present is stated in a decision of the Veterans Court, Russell v. Principi, 3 Vet. App. 310 (1992). Russell established a three-prong test for establishing CUE, i.e., that, in order to revise a final VA decision, it must be the case that:

1) Either the correct facts, as they were known at the time, were not before the adjudicator or the statutory or regulatory provisions extant at the time were incorrectly applied,

2) The error must be "undebatable" and the sort "which, had it not been made, would have manifestly changed the outcome at the time it was made," and

3) A determination that there was CUE must be based on the record and the law that existed at the time of the prior adjudication in question.

Russell, 3 Vet. App. At 313-14. That test was subsequently adopted in substance in this court's decision in Cook v. Principi, 318 F.3d 1334, 1344 (Fed. Cir. 2002) (en banc).

Willsey contends that the Veterans Court did not apply the rule of law as set out in Russell for determining CUE, and that this failure to apply the rule from Russell gives this Court jurisdiction to hear his appeal. The VA counters that, at most, Willsey is alleging that the Veterans Court improperly applied the rule of law to the facts of his case and that, therefore, this Court lacks jurisdiction to hear Willsey's appeal.

In Morgan v. Principi, 327 F.3d 1357 (Fed. Cir. 2003) we held that the changes made by Congress to 38 U.S.C. § 7292(a) in 2002 had the effect of giving this Court jurisdiction over "a decision of the [Veterans Court] on a rule of law as a separate jurisdictional basis" and that this gave the court a new form of "case" jurisdiction.

2007-7095 4

Morgan at 1361 ("[T]he amendment enacted by Congress has the effect of making the review of 'a decision of the Court [of Appeals for Veterans Claims] on a rule of law' a separate jurisdictional basis . . . . In short, Congress responded to this court's entreaty by enacting a form of 'case' jurisdiction."). See also Forshey v. Principi, 382 F.3d 1335, 1347-48 (Fed. Cir. 2002) (explaining the difference between "issue" jurisdiction and broader "case" jurisdiction). As explained in Morgan, a "rule of law" may include a court-made rule of the sort stated by the Veterans Court in Russell. Morgan, 327 F.3d at 1361.

The VA contends that Russell does not establish the rule for CUE, but rather that the rule is established by 38 U.S.C. § 5109A(a) ("A decision by the Secretary under this chapter is subject to revision on the grounds of clear and unmistakable error. If evidence establishes the error, the prior decision shall be reversed or revised."). The VA's position, however, is incorrect. Although 38 U.S.C. § 5109A does provide that a RO decision is subject to revision based upon CUE, § 5109A does not set out the test for when CUE is present. That is set out by the Veterans Court in Russell and by this court in Cook, which is why these decisions provide the "rule of law" here.

As noted, Willsey alleges that the Veterans Court did not, in the case below, apply the rule for determining CUE set out in Russell. The Veterans Court's short, unpublished decision mentions Russell but makes no attempt to show how Willsey's claim failed to meet its test. Rather, the Veterans Court decision simply concludes that there was no CUE in the RO decision. Willsey's contention, then, that the Veterans Court did not apply the rule in Russell is a *prima facie* legal claim and provides grounds for this Court to take jurisdiction over this case under our "case jurisdiction" standard.

Accordingly, this Court may decide all relevant questions of law in this appeal from a decision by the Veterans Court, 38 U.S.C. § 7292(d)(1), and legal determinations of the Veterans Court are reviewed de novo. Prenzler v. Derwinski, 928 F.2d 392, 393 (Fed. Cir. 1991). We may "affirm or, if the decision of the Veterans' Court is not in accordance with law, . . . modify or reverse the decision of the [Veterans Court] or . . . remand the matter, as appropriate." 38 U.S.C. § 7292(e)(1) (2000).[3]

## Discussion

In light of the statutory prohibition against our review of factual determinations or the application of law to the facts of a particular case, 38 U.S.C. § 7292(d)(2), the issue before this court is whether the Veterans Court applied its decision in Russell to the question of whether there was CUE in the 1983 VA Regional Office decision denying Willsey's application for service connection, not whether the application of that rule to the particular facts of this case was correct. Nonetheless, in order to assess Willsey's contention that the court did not apply the Russell rule at all, it is necessary to address the facts of the case, and the court's analysis of those facts, in some detail. Accordingly, we will consider, in turn, each prong of the Russell test.

Willsey first contends that the VA adjudicator who ruled on his application in 1983 did not have before him "the correct facts, as they were known at the time" because, Willsey claims, the VA examiner who determined that Willsey was not suffering from PTSD had not reviewed the medical reports from his earlier examinations. Willsey claims that these earlier reports found him to suffer from PTSD. Thus Willsey's argument here seems to be that if the VA examiner did not review the earlier records

---

[3] Except in constitutional challenges, not an issue in this case, we may not review factual determinations. 38 U.S.C. § 7292(d)(2).

and amend his or her report to the adjudicator, the adjudicator's decision would not be based on the "correct facts, as they were known at the time."

Willsey next contends that, because the examiner had not seen the earlier medical reports and had the opportunity to revise his diagnosis based on these reports, the VA adjudicator's decision is based on an "undebatable error" of the sort "which, if it had not been made, would have manifestly changed the outcome at the time it was made."

Finally, Willsey contends that the record and law at the time, including the diagnosis of PTSD by two VA physicians, required an award of disability compensation. If each of these contentions were to be correct, Willsey would have met all of the prongs of the Russell test for CUE.

The record before us, however, does not require reversal of the Veterans Court's conclusion that there was no CUE in this case. With regard to the first prong of the Russell test, on the basis of the record, there is some ambiguity as to whether the earlier medical reports were or were not before the adjudicator. It is clear, however, that the adjudicator knew of the medical records and their basic content, even if he did not have them directly in front of him. (JA41, 85). The Board held, and the Veterans Court affirmed, that evidence supported the claim that the VA adjudicator did consider the medical records from Willsey's earlier examinations. Additionally, the Board held that, at most, any error here, assuming it was error, was a breach of the "duty to assist". (JA 41). However, a breach of the "duty to assist" alone does not constitute CUE. Cook v. Principi, 318 F.3d 1334, 1341 (Fed. Cir. 2002). We cannot conclude that more is required by the first prong of the Russell test.

We also cannot conclude that the decision of the RO contained an "undebatable" error. The RO made its decision on the basis of PTSD being "not found on exam" by the VA examiner. (JA 41). The RO at the least knew of the other medical records. For us to hold that the decision of the RO in this case was based on an "undebatable" error, we would have to hold that no reasonable adjudicator could weigh the evidence in the way that the adjudicator did. This legal determination would, on the record before us, be unfounded. A reasonable adjudicator could, after reviewing the reports from the VA examiner and Willsey's other records, determine that greater weight should be given to the VA examiner's report, particularly because that report was conducted especially for the purpose of determining service connection and was the last in time. Even were we to disagree with the adjudicator's decision, we would not be free to re-weigh the evidence to conclude that this decision, even if it were at least arguably not the best one, was so unreasonable as to result in an undebatable error.

Finally, the record and the law as they existed at the time of the determination do not compel a finding of CUE in the 1983 determination. Willsey seems to contend that, because he had two prior diagnoses of PTSD, the adjudicator was required to find that he was disabled and there was service connection in his case. But, Willsey was also later diagnosed as not having PTSD by a VA examiner, after the two earlier examinations. Willsey does not point to any rule or regulation that states that earlier examinations, if they are greater in number, outweigh later examinations and that the adjudicator therefore ought to have granted him disability. Without such a rule it again seems that Willsey is asking us to re-weigh the evidence, something we are not free to do.

Conclusion

The Court recognizes the very real difficulties facing Mr. Willsey in seeking both recognition and treatment for PTSD. We recognize as well that the VA's case processing at issue here was arguably less than perfect in all of the various steps of its evaluation and treatment of Mr. Willsey's condition. None of these miscues, however, rise to the level of a clear, unmistakable error. Therefore, the decision of the Veterans Court denying an earlier effective date to Willsey is affirmed.

<u>Affirmed</u>