NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIAM LEE, JR.,**
*Claimant-Appellant,*

**v.**

**SLOAN D. GIBSON, Acting Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7036

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-2973, Judge Kenneth B. Kramer.

---

Decided: June 5, 2014

---

WILLIAM LEE, JR., of Anoka, Minnesota, pro se.

RYAN M. MAJERUS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC. With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and

MEGHAN D. ALPHONSO, Attorney, United States Department of Veterans Affairs, of Washington, DC.

―――――――――――

Before NEWMAN, REYNA, and HUGHES, *Circuit Judges.*

PER Curiam.

William Lee, Jr. appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court affirmed the Board of Veterans' Appeals' ("Board") decision (1) denying Mr. Lee entitlement to an earlier effective date for disability benefits due to his post-traumatic stress disorder ("PTSD") and (2) finding no clear and unmistakable error in a November 1980 Veteran's Affairs ("VA") decision.

## BACKGROUND

Mr. Lee served in the U.S. Marine Corps from June 1966 to April 1969, including service in Vietnam. In 1980, Mr. Lee sought disability benefits from the VA for "delayed stress neurosis." The VA regional office denied Mr. Lee's claim, stating "such a disability is not shown by the evidence of record." Mr. Lee did not appeal the regional office's decision and it became final.

In October 2004, Mr. Lee sought to reopen his disability claim. The regional office granted his claim and eventually awarded Mr. Lee a 50% disability rating for PTSD, with an effective date of May 6, 2004. In November 2005, Mr. Lee sought to revise the 1980 regional office decision, arguing that the regional office made a clear and unmistakable error when it denied his claim. The regional office found no such error and declined to revise the 1980 decision.

In a July 2011 decision, the Board agreed that May 6, 2004 was the correct effective date for Mr. Lee's PTSD claim and that there was no clear and unmistakable error

in the regional office's 1980 decision. Mr. Lee appealed to the Veterans Court.

Regarding his effective date, Mr. Lee argued that certain private medical records as well as letters he sent to the VA prior to 2004 supported granting an earlier effective date. Mr. Lee asserted that his letters should have been treated as informal requests for disability benefits. The Veterans Court noted that the VA may accept informal requests for disability benefits under 38 U.S.C. §3.155(a). Such a request must be in writing and demonstrate "an intent to apply for benefits" and "an identification of the benefits sought." *Brokowski v. Shinseki*, 23 Vet.App. 79, 83 (2009). Applying that standard here, the court agreed with the Board that Mr. Lee's medical records and letters failed to demonstrate an intent to apply for benefits. Thus, the court affirmed the Board's decision regarding Mr. Lee's effective date.

Mr. Lee next argued that the regional office clearly and unmistakably erred in its 1980 decision because evidence in existence at the time demonstrated his entitlement to disability benefits. For support, Mr. Lee pointed to medical records prior to 1980, a newspaper article published in that same year that described his condition, and records from the Veteran's Center in St. Paul, MN. The Veterans Court noted that its review of a Board decision regarding a clear and unmistakable error is limited to whether the decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . and whether it is supported by an adequate statement of reasons or bases." *See* 38 U.S.C. § 7261(a)(3)(A); 38 U.S.C. § 7104(d)(1). The court first noted that the evidence proffered by Mr. Lee was not part of the record in 1980. The record did include evidence that a VA doctor found Mr. Lee to "not have a psychiatric diagnosis nor [to] warrant one" in June 1980. The court concluded that Mr. Lee raised a disagreement about how to weigh the evidence of record, rather than a clear and

unmistakable error.  As such, the court affirmed the
Board's decision.  Mr. Lee appealed and argues we have
jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

This court's review of a Veterans Court decision is
limited to "relevant questions of law."  38 U.S.C.
§ 7292(d)(1).  With the exception of constitutional issues,
we may not review factual determinations or the applica-
tion of law to fact.  *See* 38 U.S.C. § 7292(d)(2).  We review
Veterans Court legal decisions de novo.

A VA final decision is "subject to revision on the
grounds of clear and unmistakable error."  38 U.S.C.
§ 5109A.  To establish a clear and unmistakable error, a
veteran must show:

> (1) Either the correct facts, as they were known at
> the time, were not before the adjudicator or the
> statutory or regulatory provisions extant at the
> time were incorrectly applied,

> (2) The error must be "undebatable" and the sort
> "which, had it not been made, would have
> manifestly changed the outcome at the time it
> was made," and

> (3) A determination that there was CUE must be
> based on the record and the law that existed at
> the time of the prior adjudication in question.

*Willsey v. Peake*, 535 F.3d 1368, 1371 (Fed. Cir. 2008).

On appeal, Mr. Lee suggests that he is entitled to an
earlier effective date for his PTSD claim.  Mr. Lee does
not argue that the Veterans Court misinterpreted a law
or regulation in denying him an earlier effective date.
Nor do we discern a legal error in the lower court's opin-
ion.  Because there is no legal error asserted, and because
we do not have jurisdiction over the application of the law

to the facts of this case, we lack jurisdiction over Mr. Lee's arguments regarding an earlier effective date.

Mr. Lee also argues that the VA regional office made a clear and unmistakable error in denying his claim for benefits in 1980. Mr. Lee argues that the VA overlooked: medical records from 1977 indicating Mr. Lee's PTSD-like symptoms; a newspaper article, published in 1980, that described Mr. Lee's struggle with PTSD; records from meetings held at the St. Paul Veteran's Center; work related problems; and various private medical records. Mr. Lee argues that, by overlooking these pieces of evidence, the VA committed a clear and unmistakable error.

The Board found that this evidence was not part of the record at the time of the regional office's decision and, thus, could not form the basis for a clear and unmistakable error. *See Willsey*, 535 F.3d at 1371. The Veterans Court agreed and also noted that the record included evidence that a June 1980 VA doctor found Mr. Lee not to have psychiatric problems at that time. Because some record evidence supported the Board's decision and because Mr. Lee only pointed to non-record evidence, the Veterans Court found that Mr. Lee had not raised an "udebateble" error. *Id.* The Veterans Court's conclusion is based upon an application of the law to the facts of this case. As such, it is beyond our jurisdiction and we dismiss Mr. Lee's appeal.

**DISMISSED**