NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GLENNA F. WRIGHT, (SUBSTITUTED FOR GLEN A. WRIGHT, SR.),**
*Claimant-Appellant*

v.

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2014-7133

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-2206, Judge Robert N. Davis.

---

Decided: January 29, 2016

---

MAXWELL DOUGLAS KINMAN, Alexander, Webb, and Kinman, Mason, OH, for claimant-appellant.

AGATHA KOPROWSKI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER; Y. KEN LEE, MARTIN JAMES

SENDEK, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before NEWMAN, CLEVENGER, and O'MALLEY, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Glenna F. Wright, widow of U.S. Army Veteran Glen A. Wright, Sr., appeals the July 22, 2014 ruling of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming the decision of the Board of Veterans' Appeals (Board) denying him service connection for his respiratory illness.

Mr. Wright served in the armed forces from 1964 to 1967, including service in Vietnam. He died during the pendency of this appeal, which is carried on by his wife. During his service in Vietnam, Mr. Wright spent 23 days aboard the USS Breckenridge, a ship that was later decommissioned due to the presence of asbestos. He was also exposed to asbestos on base in Georgia, and he was exposed to Agent Orange in Vietnam. His respiratory illness was determined to be chronic obstructive pulmonary disease (COPD). This ailment, however, does not have an automatic compensable rating for service connection, as does emphysema. The Board determined that the medical evidence does not support a connection between Mr. Wright's military service and his COPD, and the Veterans Court affirmed.

On appeal from the Veterans Court's review of decisions of the Board, this court reviews validity of the decision "on a rule of law or of any statute or regulation…or interpretation thereof (other than a determination as to a factual matter) that was relied on in the making of the decision." 38 U.S.C. § 7292(a). Interpretations of statute are questions of law, and receive appellate review. *Willsy v. Peale*, 535 F.3d 1368, 1370-73 (Fed. Cir.

2008).   However, the only situation in which we may review factual findings of the Veterans Court or the Board is when a constitutional issue is presented.  *Guillory v. Shinseki*, 603 F.3d 981, 986 (Fed. Cir. 2010) (citing 38 U.S.C. § 7292(d)(2)).

### DISCUSSION

Mrs. Wright states that she is not raising a factual question, and that the issue is whether her husband received due process of law when the Veterans Court relied on VA medical examinations and opinions that contained insufficient detail to support the conclusion reached, and that do not adequately address the service connection of his disabilities.  The government responds that these are factual questions, not subject to our review, or, in the alternative, that the medical evidence presented was sufficient for the determination reached by the Board.

The Secretary of Veterans Affairs assists veterans in applying for compensation.  Included in this duty to assist is the obligation of "providing a medical examination or obtaining a medical opinion when such an examination or opinion is necessary to make a decision on the claim."  38 U.S.C. § 5103A(d)(1).  In such events, the VA must conduct a "thorough and contemporaneous medical examination."  *Proscelle v. Derwinski*, 2 Vet. App. 629, 632 (1992).

Mrs. Wright's argument is that the medical examiner of her late husband did not correctly opine whether exposure to either or both hazardous substances may have caused his COPD.  This contention does not call upon this court to interpret any statute or regulation, and concerns determinations of fact, jurisdiction over which we lack.

Mrs. Wright argues that there is a bona fide due process violation regarding the sufficiency of the medical opinion under the requirements of 38 U.S.C. § 5103A. However, the characterization of an issue as constitutional "does not confer upon [this Court] jurisdiction that [it]

otherwise lack[s]." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).

The medical examinations afforded Mr. Wright, are held to the standard that they enable the Board "to conclude that a medical expert has applied valid medical analysis to the significant facts of the particular case in order to reach the conclusion submitted in the medical opinion." *Nieves-Rodriguez v. Peake*, 22 Vet. App. 295, 304 (2008).

The medical examinations and attendant opinions took place over the course of two remands directing additional development, in an effort to assist Mr. Wright with his claim, and were expanded to include records from private physicians treating him and the Social Security Administration. The examiner's opinion concerning "veteran's active military service" – including any "in-service injury, event, or illness" – encompassed Mrs. Wright's contention of the possibility of his COPD being "caused by both exposure to Agent Orange and asbestos." The examiner explained his conclusion that Mr. Wright's respiratory condition was more likely caused by his extensive tobacco use, and not to service exposure.

This court has explained:

> We have been asked on several occasions to exercise our jurisdiction to judge the sufficiency of a medical opinion. In each instance, . . . we have dismissed the appeals for want of jurisdiction on the ground that whether a medical opinion is adequate is a question of fact. . . . In each of these several cases, we correctly determined that the sufficiency of a medical opinion is a matter beyond our jurisdictional reach, because the underlying question is one of fact.

*Prinkey v. Shinseki*, 735 F.3d 1375, 1383 (Fed. Cir. 2013).  Thus, the decision of the Court of Veterans Claims must be

## AFFIRMED.

No costs.