NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL B. LOYD,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2016-1382

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-1710, Judge Robert N. Davis.

---

Decided: March 29, 2017

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

COURTNEY D. ENLOW, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; BRIAN D. GRIFFIN, CHRISTINA LYNN GREGG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, CLEVENGER, and TARANTO, *Circuit Judges.*

TARANTO, *Circuit Judge.*

Michael Loyd, a veteran of the Army, filed a claim with the Department of Veterans Affairs for disability benefits based on post-traumatic stress disorder (PTSD), which he alleged resulted from his service in the Vietnam War. The Department denied his claim, citing, as one basis, lack of proof that he had been subjected to a recognized stressor during his Army service. When he later filed a claim to reopen, the Department granted him benefits based on newly submitted evidence of a PTSD diagnosis and information that enabled the Department to confirm an in-service stressor through military records. Mr. Loyd requested that the effective date of the benefits reach back to the date of his original claim, invoking a regulation allowing that result in certain circumstances when a favorable reopening decision rests on records of the military itself.

The Board of Veterans' Appeals denied the request, relying on the finding that, during the original claim process before the Department, Mr. Loyd had not responded to the Department's request for additional information that might have uncovered the key, later-secured military records. The Veterans Court affirmed. *Loyd v. McDonald*, No. 14-1710, 2015 WL 6604012 (Vet. App. Oct. 30, 2015). We vacate the Veterans Court's decision and remand for further consideration.

## I

Mr. Loyd served in the Army from 1966 to 1969, and his service included time in Vietnam. On July 22, 2002, the relevant regional office of the Department received a claim from Mr. Loyd, dated June 6, 2002, seeking disabil-

ity compensation based partly on PTSD. On September 16, 2002, the regional office sought certain information from Mr. Loyd, including the places and dates (or at least the months or seasons) of the specific traumatic incidents underlying the claim of PTSD and the identity of the unit to which he was assigned at the relevant times. J.A. 190–91. The request stated that he should respond within 30 days, while also stating that a response within one year might allow benefits from the date on which the Department received his claim. J.A. 192. Mr. Loyd did not respond. On October 28, 2002, the regional office denied the claim because (a) there was insufficient evidence of a PTSD stressor and (b) Mr. Loyd had not provided a PTSD diagnosis. J.A. 31–32. Mr. Loyd did not appeal that decision.

In October 2006, Mr. Loyd filed a motion to reopen his claim, and he included a June 6, 2006 diagnosis of PTSD. The regional office denied Mr. Loyd's motion because he still had not provided evidence of a PTSD stressor. On July 2, 2008, Mr. Loyd submitted another motion to reopen his claim, and in September 2008 he submitted a completed PTSD questionnaire that identified his presence in Bien Hoa, Vietnam, starting in December 1967. From that information, the regional office was able to identify his Army unit and, from Army records, the unit's presence in Bien Hoa during a January 31, 1968 "enemy rocket and mortar attack." J.A. 53. The regional office awarded Mr. Loyd disability compensation for PTSD in September 2009 and assigned an effective date of July 2, 2008, the date of the reopened claim, but it later changed the effective date to June 6, 2006, the date of the PTSD diagnosis.

Mr. Loyd appealed the decision to the Board of Veterans' Appeals on the ground that the effective date should have been June 6, 2002, the date on which he claims he submitted his original claim. The Board denied the request for an earlier effective date. The Court of Appeals

for Veterans Claims affirmed that decision.  *Loyd*, 2015 WL 6604012.

Mr. Loyd timely appeals.  He argues that 38 C.F.R. § 3.156(c) (2002) governs here and that, under that regulation, he was entitled to an effective date based on the date of his original claim because the relevant new and material evidence was found in service-department records.  We have jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a).  We may review the Veterans Court's reliance on an incorrect legal standard and consequent failure to apply the correct legal standard. *See, e.g.*, *Willsey v. Peake*, 535 F.3d 1368, 1371–72 (Fed. Cir. 2008).

## II

This case is in an unusual posture.  The Veterans Court did not address, let alone interpret and apply, 38 C.F.R. § 3.156(c) (2002), even though Mr. Loyd argued that the 2002 version of the regulation is the version that applies to this case.  Rather, the Veterans Court's opinion refers only to the version of the regulation that took effect in 2006—which (unlike the 2002 version) contains paragraphs (1), (2), and (3), all of which the Veterans Court quoted.  *Loyd*, 2015 WL 6604012, at *2–3.  In relying on the 2006 version, the Veterans Court agreed with the Board, which applied that version, *see* J.A. 155–61, and with the government, which urged that the 2006 regulation was the applicable version, Brief for Appellee Secretary of Veterans Affairs at 8–13, *Loyd v. McDonald*, No. 14-1710 (Vet. App. May 14, 2015).

But the government has now abandoned that position on appeal to this court.  It does not defend the Veterans Court's reliance on the 2006 regulation.  Given the gov-

ernment's position before this court, we take it to be conceded, for purposes of Mr. Loyd's case, that the Veterans Court committed a legal error in relying on the 2006 regulation and not undertaking to interpret and apply the 2002 regulation. We remand for the Veterans Court to proceed in this case under the 2002 version of the regulation. We cannot say that the error of relying on the 2006 regulation, instead of the 2002 regulation, was harmless.

It is true that both versions treat a reopening based on certain kinds of new and material evidence—certain evidence from the relevant service department—as warranting special treatment, different from the treatment of other claims for reopening based on new and material evidence. While ordinary reopened claims, if successful, result in benefits no earlier than the date of the claim for reopening, *see* 38 C.F.R. § 3.400(q)(2); *Sears v. Principi*, 349 F.3d 1326 (Fed. Cir. 2003), reopened claims that are within the special defined class based on service-department records, if successful, result in reconsidering the original decision, with benefits back to the time of the original claim, not merely the time of the claim for reopening. *See* 38 C.F.R. § 3.156(c) (2002); 38 C.F.R. § 3.156(c)(1) (current); New and Material Evidence, 71 Fed. Reg. 52,455, 52,456 (Sept. 6, 2006) (where the special service-department-record rule applies, "benefits [are] retroactive to the date of a previously decided claim"). In that basic respect, the 2002 and 2006 versions of the regulation are similar.

But in 2006, the Secretary added new, limiting language to the provision. Under the new (c)(2), the just-described distinctive treatment "does not apply to records that VA could not have obtained when it decided the claim because the records did not exist when VA decided the claim, or *because the claimant failed to provide sufficient information for VA to identify and obtain the records from the respective service department*, the Joint Services Records Research Center, or from any other official

source."   38  C.F.R.  § 3.156(c)(2)  (current)  (emphasis
added).  In the present case, the Board and the Veterans
Court  relied  on  the  italicized  language  in  tying  their
rejection of Mr. Loyd's argument for a 2002 effective date
to his failure to respond to the Department's request for
information relevant to identifying an in-service stressor.
*See* J.A. 161; *Loyd*, 2015 WL 6604012, at *2–3.  That basis
for decision finds no counterpart in the 2002 version of the
regulation,  which  did  not  contain  the  later-added  (c)(2)
limit  on  the  distinctive  treatment  of  new  and  material
evidence based on certain service records.

A new analysis of the issue is required under the 2002
version  of  the  regulation—considered  in  light  of  other
potentially pertinent legal provisions.  We think that the
Veterans  Court  should  undertake  that  analysis  in  the
first instance.  We make only a few limited observations
here.

Although  the  government  suggests  that  38  U.S.C.
§ 5110(a)  answers  the  effective-date  question,  we  have
already held that the statute itself does not resolve the
matter of the effective-date choice for a claim to reopen,
but  leaves  the  matter  to  the  reasonable  exercise  of  De-
partment discretion.  *Sears v. Principi*, 349 F.3d at 1328–
31.   Indeed,  the  distinctive  treatment  of  some  reopened
claims  accorded  by  38  C.F.R.  § 3.156(c)  seems  to  depend
on  that  statutory  room  for  agency  discretion.   The  gov-
ernment also points to 38 U.S.C. § 5107(a), which general-
ly requires that a claimant support a claim for benefits.
But it is not immediately apparent what role that provi-
sion has to play in interpreting regulations that specifical-
ly govern the effective-date issue.

Turning from the statutory to the regulatory realm,
the government emphasizes 38 C.F.R. § 3.159(c)(2)(i) for
its requirement (not materially changed since 2002) that
"in the case of records requested to corroborate a claimed
stressful  event  in  service,  the  claimant  must  provide

information sufficient for the records custodian to conduct a search of the corroborative records." What bearing § 3.159 has on the interpretation and application of 38 C.F.R. § 3.156(c) (2002) requires fuller exploration than we have before us at present. And in resolving the regulatory issue, we note that it is important to consider the Department's action in proposing and adopting the new version of § 3.156(c) in 2005 and 2006, and in particular whether the Department said anything of legal significance about whether by adding (c)(2) it was merely clarifying, or was limiting, pre-existing law in the respect at issue. *See* New and Material Evidence, 70 Fed. Reg. 35,388, 35,389 (June 20, 2005) ("We propose in § 3.156(c)(2) to limit the application of [§ 3.156(c)] by stating that it 'does not apply to records that VA could not have obtained when it decided the claim because . . . the claimant failed to provide VA sufficient information for VA to identify and obtain the records from the respective service department. . . . This limitation would allow VA to reconsider decisions and retroactively reevaluate disability in a fair manner . . . limited by the extent to which the claimant has cooperated with VA's efforts to obtain these records."); New and Material Evidence, 71 Fed. Reg. at 52,456 ("[T]he purpose of this rule is to clarify longstanding VA rules, . . . which authorize VA to award benefits retroactive to the date of a previously decided claim when newly discovered service department records are received.").

The government's final argument to us asserts that, regardless of 38 C.F.R. § 3.156(c)(2002), Mr. Loyd was not entitled to an effective date earlier than the date on which he was diagnosed with PTSD, which was June 6, 2006. The Veterans Court did not consider the effect of the date of Mr. Loyd's diagnosis. We will not do so in the first instance.

III

For the foregoing reasons, the judgment of the Veterans Court is vacated and the case is remanded.

Costs awarded to Mr. Loyd.

**VACATED AND REMANDED**