NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BOBBY R. GEORGE,**
*Claimant-Appellant*

v.

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2018-1736

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-1221, Judge Mary J. Schoelen, Judge William S. Greenberg, Judge Michael P. Allen.

---

Decided: August 26, 2019

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

ERIC PETER BRUSKIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by JOSEPH H. HUNT, MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR.; MARTIE ADELMAN, Y.

KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before REYNA, CHEN, and HUGHES, *Circuit Judges.*

REYNA, *Circuit Judge.*

Claimant-Appellant Bobby George appeals from a decision of the Court of Appeals for Veterans Claims affirming a determination by the Board of Veterans' Appeals that it did not commit clear and unmistakable error in a 2014 decision concerning Mr. George's claims for post-traumatic stress disorder. The Government makes several arguments on appeal, including that the Court of Appeals for Veterans Claims lacked jurisdiction because Mr. George's clear and unmistakable error claim on appeal was distinct from the allegations he raised to the Board of Veterans' Appeals. Because the Court of Appeals for Veterans Claims did not consider whether it lacked jurisdiction, we vacate and remand.

## BACKGROUND

Mr. George served in the U.S. Army from August 1967 to August 1969. His service included active duty in Vietnam. This case concerns Mr. George's claim for service connection for post-traumatic stress disorder ("PTSD").

Mr. George filed his original claim for service connection for PTSD on September 30, 1997. The Department of Veterans Affairs ("VA") denied his claim on February 7, 1998, for failure to identify a confirmed in-service stressor. He did not appeal that decision.

In September 2003, Mr. George requested that the VA reopen his disallowed 1997 claim under 38 U.S.C. § 5108. The VA confirmed its previous denial of Mr. George's claim. This time, Mr. George appealed to the Board of Veterans' Appeals ("Board"), which remanded the claim for further development. The VA subsequently obtained additional

service records that confirmed Mr. George's claimed in-service stressor.

After examining Mr. George, the VA diagnosed him with PTSD and granted him service connection in October 2007. The VA assigned an effective date of September 19, 2003—the date Mr. George requested that his claim be re-opened.

Mr. George filed a Notice of Disagreement with the assigned effective date and argued that 38 C.F.R. § 3.156(c)[1] required reconsideration of the 1998 denial and assignment of an effective date relating back to his 1997 claim. The Board disagreed that § 3.156(c) applied and denied his claim for an earlier effective date. On appeal, the Court of Appeals for Veterans Claims ("Veterans Court") remanded the claim, holding that the Board had erroneously determined that § 3.156(c) did not apply.

In February 2013, the Board further remanded the claim back to the regional office to obtain a retrospective medical opinion about the date of onset for Mr. George's PTSD. The medical examiner who provided the retrospective opinion determined that the date of onset was October 2003.

---

[1] In relevant part, the regulation provides

(1) Notwithstanding any other section in this part, at any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, *VA will reconsider the claim*, notwithstanding paragraph (a) of this section.

38 C.F.R. 3.156(c)(1) (emphasis added).

In September 2014, the Board denied Mr. George's claim for an earlier effective date based on the retrospective medical opinion. Mr. George did not appeal that decision, and it became final.

In August 2015, Mr. George filed a motion with the Board to revise the 2014 decision based on clear and unmistakable error ("CUE"). He argued that the Board erred in its application of 38 C.F.R. § 3.156(c) by "(1) imposing an impermissible standard for consideration of the veteran's lay evidence; (2) requiring that the medical evidence specify an onset date of PTSD; and (3) requiring that the exact onset of PTSD be determined 'with specificity.'" J.A. 140–41. The Board denied the motion based on its determination that it did not err in its application of § 3.156(c) in the 2014 decision because Mr. George's CUE allegations were unsupported by the record and were disputes about the weight given to evidence.

Mr. George again appealed to the Veterans Court. He argued that the Board committed CUE in the 2014 decision by failing to properly reconsider his claim under § 3.156(c). The Veterans Court affirmed the Board's finding of no CUE in the 2014 decision. The Veterans Court concluded that the Board properly applied § 3.156(c) in reconsidering Mr. George's original claim and that the Board's finding of no CUE was not arbitrary and capricious.

Mr. George timely appealed to this court. We have jurisdiction under 38 U.S.C. § 7292(a).

## DISCUSSION

This court has jurisdiction to review the Veterans Court's interpretation of a regulation or statute "relied on by the Court in making the decision." 38 U.S.C. § 7292(a). We thus have jurisdiction to review the Veterans Court's interpretation of its own jurisdictional statute, 38 U.S.C. § 7252(a). *Andre v. Principi*, 301 F.3d 1354, 1358 (Fed. Cir. 2002). Section 7252(a) provides that the Veterans Court

"shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals." "Review in the [Veterans] Court shall be on the record of proceedings before the Secretary and the Board." *Id.* § 7252(b).

The Government argues that the Veterans Court lacked jurisdiction to consider the VA's alleged failure to properly reconsider Mr. George's claim under 38 C.F.R. § 3.156(c) because the CUE claim that Mr. George raised to the Veterans Court differed from his CUE allegations to the Board and was never the subject of a Board decision. As the Government points out, Mr. George argued in his 2015 motion to the Board that the "'Board used the wrong legal standard when applying' section 3.156(c) by: (1) imposing an impermissible standard for consideration of the veteran's lay evidence; (2) requiring that the medical evidence specify an onset date of PTSD; and (3) requiring that the exact onset of PTSD be determined 'with specificity.'" Appellee Br. 16 (quoting J.A. 140–41.) The Government contends that the specific CUE claim raised to the Veterans Court was different: Mr. George alleged that the Board's CUE was in not properly reconsidering his claim under § 3.156(c), which would have required complete readjudication of his original 1997 PTSD claim.

Mr. George counters that the Veterans Court did not lack jurisdiction because the issue of whether the VA was required to reconsider Mr. George's 1997 claim is "inextricably intertwined" with whether the Board properly applied § 3.156(c) in the 2014 decision. Appellant Reply Br. 8. The question therefore is whether Mr. George's arguments before the Veterans Court constitute a distinct CUE claim from the allegations that he made to the Board, such that the Veterans Court lacked jurisdiction to decide the newly raised CUE claim.

In the case of *Andre v. Principi*, this court addressed the question of whether the Veterans Court has jurisdiction to consider CUE claims raised for the first time on

appeal. 301 F.3d at 1358–62. We held that the Veterans Court lacks jurisdiction in such circumstances. *Id*. *Andre* thus controls the determination of whether the Veterans Court had jurisdiction over Mr. George's allegation of CUE made to the court.

Under *Andre*, "each 'specific' assertion of CUE constitutes a claim that must be the subject of a decision by the [Board] before the Veterans Court can exercise jurisdiction over it." *Id*. at 1361. A CUE claim is a specific assertion of error, and one CUE claim does not encompass all potential CUE allegations. *Id*. If, as the Government asserts, Mr. George's arguments raised a distinct CUE claim for the first time on appeal to the Veterans Court, the court lacked jurisdiction to decide that newly raised CUE claim because it was not the subject of a Board decision. *See id*. at 1362.

We further note that the Government did not previously challenge the Veterans Court's jurisdiction, and the court did not address whether it had jurisdiction over Mr. George's CUE claim under *Andre*. We conclude that the Veterans Court should make that determination in the first instance.[2]

## CONCLUSION

For the first time on appeal to this court, the Government challenges whether the Veterans Court had jurisdiction over Mr. George's allegation that the Board committed CUE by failing to properly reconsider his claim under 38 C.F.R. § 3.156(c), requiring full readjudication by the VA.

---

[2] The Government also argues that if the Veterans Court had jurisdiction over Mr. George's CUE claim, we would not have jurisdiction to review the Veterans Court's CUE analysis under 38 U.S.C. § 7292(d)(2). *See Willsey v. Peake*, 535 F.3d 1368, 1372 (Fed. Cir. 2008). In view of our decision to vacate and remand, we do not address the Government's other arguments for lack of jurisdiction.

We vacate the decision of the Veterans Court and remand this case for the Veterans Court to consider in the first instance whether it has jurisdiction over Mr. George's CUE allegation under 38 U.S.C. § 7252(a) and *Andre*.

**VACATED AND REMANDED**

COSTS

No costs.