NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DANIEL C. VALENZUELA,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1968

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-3966, Judge Joseph L. Falvey, Jr.

---

Decided: December 8, 2020

---

DANIEL C. VALENZUELA, Bulverde, TX, pro se.

SEAN LYNDEN KING, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, ERIC P. BRUSKIN, ROBERT EDWARD KIRSCHMAN, JR.

---

Before DYK, TARANTO, and STOLL, *Circuit Judges.*

PER CURIAM.

Daniel C. Valenzuela appeals a decision of the United States Court of Appeals for Veteran Claims ("Veterans Court"). The Veterans Court affirmed a decision of the Board of Veterans' Appeals ("Board"), denying him entitlement to service connection for carpal tunnel syndrome of the right wrist and finding no clear and unmistakable error in a 2005 Department of Veterans Affairs (VA) regional office (RO) decision that denied him entitlement to service connection for carpal tunnel syndrome of the left wrist, tinnitus, and a cervical spine condition. Because we lack jurisdiction to review the issues Mr. Valenzuela raises in this appeal, we *dismiss.*

## BACKGROUND

Mr. Valenzuela served on active duty in the Marine Corps from May 1976 to May 1980. In 2005, Mr. Valenzuela filed a claim for service connection for tinnitus, left carpal tunnel syndrome, and a cervical spine condition. In June 2005, the RO denied these claims. RO concluded that there was (1) no evidence of an event, injury, or symptoms during service; (2) a normal separation examination; and (3) no medical complaint for many years after his service. The RO noted that Mr. Valenzuela was diagnosed with "spondylosis, osteophytes, and disc protrusion of the cervical spine" in March 2005, but found no evidence connecting this condition to his service. Mr. Valenzuela did not appeal the 2005 RO decision, and it became final.

In May 2015, Mr. Valenzuela filed a motion for revision of the 2005 RO decision based on clear and unmistakable error ("CUE"). He argued that VA had failed to provide adequate medical examinations, to obtain service records to verify chemicals used during his period of service, and to properly consider purported evidence of a spine injury in service. Mr. Valenzuela also filed a new claim for right

carpal tunnel syndrome. In 2016, the RO denied both Mr. Valenzuela's motion to revise the 2005 RO decision on grounds of CUE and his new claim for service connection for right carpal tunnel syndrome.

Mr. Valenzuela appealed to the Board, which in May 2019 issued a decision finding no CUE in the 2005 RO decision and denying service connection for right carpal tunnel syndrome.[1] The Board concluded that Mr. Valenzuela's arguments were insufficient to support a finding of CUE. The Board wrote that "the failure of VA to fulfill the duty to assist, including obtaining a VA examination or opinion is not CUE," and that "weighing the lack of evidence of cervical spine, [carpal tunnel syndrome], and tinnitus disabilities in service treatment records more heavily than other evidence, including the medical notes of a lumbar spine disorder, is also not CUE." The Board also affirmed the denial of service connection for right carpal tunnel syndrome because there was no evidence of a diagnosis of right carpal tunnel syndrome.

Mr. Valenzuela appealed to the Veterans Court, which affirmed the Board in March 2020. The Veterans Court found no error in the Board's CUE determination and held that there was "no evidence in the 2005 record that would show a nexus between the claimed disability and service." The Veterans Court also affirmed the denial of Mr. Valenzuela's new claim for right carpal tunnel syndrome, finding

---

[1] Before the Board, in addition to his CUE claims, Mr. Valenzuela "also raise[d] new claims for service connection for a cervical spine disorder, tinnitus, and left [carpal tunnel syndrome]." The Board referred these new claims to the RO for consideration. The decision of the Veterans Court did not discuss these new claims or their referral to the RO, and they are not properly before this court on appeal.

no error in the Board's conclusion that Mr. Valenzuela did not have a current diagnosis for right carpal tunnel syndrome.  Mr. Valenzuela appealed to this court.

## DISCUSSION

We have limited jurisdiction to review decisions by the Veterans Court.  *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010).  We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision."  38 U.S.C. § 7292(c).  We cannot, however, review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case" absent a constitutional issue.  *Id.* § 7292(d)(2); *Saunders v. Wilkie*, 886 F.3d 1356, 1360 (Fed. Cir. 2018) ("Absent a constitutional issue . . . we lack jurisdiction to review factual determinations or the application of law to the particular facts of an appeal from the Veterans Court.").

In his informal brief, Mr. Valenzuela challenges the determination that the 2005 RO decision did not contain CUE.  As we have explained:

> In order to revise a final VA decision on account of CUE, the following must be demonstrated:
>
> 1) Either the correct facts, as they were known at the time, were not before the adjudicator or the statutory or regulatory provisions extant at the time were incorrectly applied,
>
> 2) The error must be "undebatable" and the sort "which, had it not been made, would have manifestly changed the outcome at the time it was made," and

> 3) A determination that there was CUE must be based on the record and the law that existed at the time of the prior adjudication in question.

*Morris v. Shinseki*, 678 F.3d 1346, 1351 (Fed. Cir. 2012) (citing *Willsey v. Peake*, 535 F.3d 1368, 1371 (Fed. Cir. 2008)). Mr. Valenzuela appears to argue that the 2005 RO decision involved a violation of the duty to assist, but this argument is unavailing, as "a breach of the duty to assist cannot constitute CUE." *Cook v. Principi*, 318 F.3d 1334, 1346 (Fed. Cir. 2002); *see also Robinson v. Shinseki*, 557 F.3d 1355, 1360 (Fed. Cir. 2009).

Mr. Valenzuela asserts that the Veterans Court's decision in other respects involved the validity or interpretation of a statute or regulation and that the Veterans Court decided constitutional questions. The substance of his argument, however, appears to dispute only the factual determinations in the 2005 RO decision, without actually raising a statutory or constitutional issue. Similarly, Mr. Valenzuela asserts no legal issue concerning the rejection of his 2015 claim for right carpal tunnel syndrome. We therefore lack jurisdiction over this appeal. *See* 38 U.S.C. § 7292(d)(2).

## DISMISSED

### COSTS

No costs.