NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BRANDON A. STEELE,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1166

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-4194, Senior Judge Robert N. Davis.

---

Decided: April 13, 2021

---

BRANDON ALEXANDER STEELE, Daytona Beach, FL, pro se.

ANN MOTTO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CLAUDIA BURKE, JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR.; BRANDON A. JONAS, Y. KEN LEE, Office of General

Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before MOORE, REYNA, and STOLL, *Circuit Judges.*

REYNA, *Circuit Judge.*

Brandon Steele appeals a decision of the Court of Appeals for Veterans Claims that upholds a Board of Veterans' Appeals determination that a 1999 Regional Office ratings decision was not based on clear and unmistakable error. Mr. Steele asserts on appeal that the ratings decision was based on speculation and a misapplication of the law. We agree with the Court of Appeals for Veterans Claims decision that the ratings decision was not based on clear and unmistakable error. For the reasons below, we affirm.

## BACKGROUND

Appellant Brandon Steele served honorably in the Marine Corps from November 1995 until August 1999. J.A. 68. He entered the military with no knee problems. He experienced pain in his knees during recruit training and was then diagnosed with patellofemoral pain syndrome ("PFPS") and patellofemoral syndrome ("PFS"). J.A. 68–69. Knee imaging showed no mineralization, and an undated service medical record listed treatment for PFPS without specifying which knee was treated. J.A. 69. His separation report of medical history states that he was treated for PFPS on his left knee. *Id.*

In 1999, while still on active duty and before his separation from the service, Mr. Steele applied for service connected disability benefits for his alleged disabilities in both knees. *Id.* The Veterans Administration ("VA") conducted an examination and the examiner noted that Mr. Steele complained of right knee pain, weakness, and lack of endurance. J.A. 174. Mr. Steele reported that his ability to

perform weight-bearing activities was "somewhat reduced" during pain flare-ups. *Id.* The examination uncovered "no evidence of heat, swelling, effusion, draining, abnormal movement, instability, or weakness" in his knees. J.A. 178. Range of motion tests and x-rays showed no abnormalities. J.A. 178–89. Under "Diagnosis," the examiner entered a note stating "[c]hronic [PFPS] of the left knee, resolved; [PFS] of the right knee." J.A. 179. The examiner further noted that his diagnosis was "based, subjectively, on the basis of the veteran's related history of having left-greater-than-right knee pain," and that the examiner's tests revealed "tenderness and slight laxity of the patellofemoral complex on the left side, with a normal examination of the right knee." J.A. 179–80.

On November 22, 1999, the Regional Office ("RO") issued a ratings decision granting Mr. Steele a ten percent disability rating for his left knee and a zero percent rating for his right knee. J.A. 169–71. In reaching this conclusion, the RO stated: "[T]he preponderance of evidence fails to show any current disability associated with the [right] knee. Pain, in and of itself, is not a disability for which service connection may be established in the absence of a pathological process to account for the pain." J.A. 171. Mr. Steele did not appeal this decision and it became final. J.A. 127.

Fourteen years later, in November 2014, Mr. Steele filed a motion to revise the RO decision, alleging that the RO decision was based on clear and unmistakable error ("CUE"). J.A. 71. The VA denied the motion, J.A. 163–66, and Mr. Steele filed a notice of disagreement. In a statement of the case, the VA continued to deny Mr. Steele's CUE claim. Thereafter, Mr. Steele appealed to the Board of Veterans' Appeals ("Board"), J.A. 71.

In October 2017, the Board determined that Mr. Steele's appeal was effectively a "disagreement with the weighing of the evidence and factual determinations the

RO reached," and did not sufficiently demonstrate CUE. J.A. 127. While the Board recognized the diagnosis of PFS in the right knee, the Board noted that the examiner found the range of motion, x-rays, and examination of the knees to be "absolutely normal" and observed that there was "no evidence of a current right knee disability." *Id.* The Board found no CUE because the RO decision was reasonably supported by evidence of record at the time and consistent with the laws and regulations then in effect. *Id.* Mr. Steele appealed the Board's decision to the Court of Appeals for Veterans Claims ("CAVC").

While his appeal was pending before the CAVC, and after Mr. Steele filed his principal brief, our court issued its opinion in *Saunders v. Wilkie*, 886 F.3d 1356 (Fed. Cir. 2018). As relevant here, in *Saunders* this court vacated a decision of the CAVC that pain alone, without an accompanying pathology or identifiable condition, could not constitute a disability under § 1110. *Saunders*, 886 F.3d at 1361. We held that pain alone may constitute a functional impairment because it "diminishes the body's ability to function," and it need not be diagnosed as connected to any condition in order to cause that impairment. *Id.* at 1364.

The VA argued in its response brief that *Saunders* does not apply to this case. J.A. 78–85. Because the CAVC's original memorandum decision affirming the Board did not address *Saunders*, Mr. Steele moved for reconsideration, which was granted. J.A. 29–43. In a new memorandum, the CAVC maintained its affirmance of the Board's decision that the RO decision was not based on CUE. J.A. 3–10.

This appeal followed. We have jurisdiction pursuant to 38 U.S.C. § 7292(a).

## DISCUSSION

Our authority to review decisions of the CAVC is limited. We may review, without deference, interpretations of

constitutional and statutory provisions. 38 U.S.C. § 7292(a), (d)(1).  We must hold unlawful and set aside any regulation or interpretation thereof relied upon by the CAVC that is (a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (b) contrary to constitutional right, power, privilege, or immunity; (c) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (d) without observance of procedure required by law. 38 U.S.C. § 7292(d)(1).  Absent a constitutional issue, we cannot review findings of fact or otherwise reweigh the factual evidence.  *Singleton v. Shinseki*, 659 F.3d 1332, 1334 (Fed. Cir. 2011).

Congress has provided veterans with two methods for modifying or reversing a final VA decision after the time for appeal has run.  The veteran can seek a readjudication based on new and relevant evidence, 38 U.S.C. § 5108, or the veteran can establish that the VA decision was based on a clear and unmistakable error ("CUE"). 38 U.S.C. §§ 5109A, 7111(e).  This appeal concerns the latter.

The veteran bears the burden of proving CUE.  *See Pierce v. Principi*, 240 F.3d 1348, 1355 (Fed. Cir. 2001). The veteran must prove three elements to establish CUE: (1) that the correct facts, as they were known at the time, were not before the adjudicator, or that the statutory or regulatory provisions in effect at the time were incorrectly applied; (2) that the error is "undebatable" and outcome determinative, such that it would have "manifestly changed the outcome" at the time the decision was made; and (3) "a determination that there was CUE must be based on the record and the law that existed at the time of the prior adjudication in question."  *Willsey v. Peake*, 535 F.3d 1368, 1371 (Fed. Cir. 2008).  An error is undebatable if reasonable minds could only conclude that the decision was flawed at the time it was rendered, *Russell v. Principi*, 3 Vet. App. 310, 313–14 (1992), and "no reasonable adjudicator could

weigh the evidence in the way that the adjudicator did," *Willsey*, 535 F.3d at 1372.

On appeal, Mr. Steele argues that the RO decision was CUE because it was not based on the law that applied at the time the decision was reached. Specifically, Mr. Steele contends that our holding in *Saunders* has retroactive application because it is not a statutory interpretation, but rather an authoritative statement of the law as it existed when the RO rendered its decision. According to Mr. Steele, unlike a statutory interpretation that provides a new understanding or meaning to the law, an authoritative statement has retroactive-like effect because it explains the meaning of the law prior to any subsequent interpretations. In support, Mr. Steele cites the CAVC's decision in *Perciavalle v. Wilkie*, 32 Vet. App. 59 (2019), arguing that the decision distinguishes between an authoritative statement and a subsequent statutory interpretation. Appellant Br. 7; *see also Perciavalle*, 32 Vet. App. at 65 ("[A] changed interpretation cannot be the 'first commentary' on a regulation or statute as there exists no precursor interpretation that the latter modifies, alters, or replaces[.]"). Mr. Steele therefore contends that the RO's failure to apply *Saunders* resulted in a misapplication of the statute or regulation then in effect. We disagree.

We recently clarified in *George v. McDonough* that whether an interpretation is a first interpretation or a change in existing interpretation, it cannot serve as a basis for CUE. No. 2019-1916, 2021 WL 968847, at *6 (Fed. Cir. Mar. 16, 2021) ("That *Wagner* was the first judicial interpretation of § 111 by this court does not lead to a contrary result."). We expressly noted in *George* that our precedent does not support the view that a new judicial pronouncement can retroactively apply to final decisions of the VA. *Id.* at *7. Consequently, we need not decide whether *Saunders* was an authoritative statement or a change in interpretation because neither can form the basis for CUE.

In addition, Mr. Steele argues that the Board improperly substituted the Board's opinion for that of a medical examiner, in violation of 38 U.S.C. § 7104(d)(1). We conclude that Mr. Steele does not demonstrate an error of law. The CAVC upheld various factual decisions of the Board, including that the evidence of record did not establish a right knee abnormality. J.A. 8. Indeed, the examiner noted "a normal examination of the right knee," J.A. 179–180, and a normal range of motion and x-ray of the right knee, J.A. 127. At best, Mr. Steele wants this court to reweigh the factual record, which we cannot do.

## CONCLUSION

We affirm the CAVC decision that Mr. Steele has failed to demonstrate CUE in the 1999 RO decision. We have considered the parties' remaining arguments and find them unpersuasive.

## AFFIRMED

## COSTS

No costs.