Citation Nr: AXXXXXXXX
Decision Date: 09/29/21 Archive Date: 09/29/21

DOCKET NO. 200518-85080
DATE: September 29, 2021

ORDER

Entitlement to service connection for dermatitis is denied.

The motion to revise or reverse a November 6, 2017 rating decision that denied service connection for left ear hearing loss on the basis of clear and unmistakable error is denied.

REMANDED

Entitlement to service connection for allergic rhinitis is remanded.

Entitlement to service connection for sinusitis is remanded.

Entitlement to service connection for bilateral shin splints is remanded.

FINDINGS OF FACT

1. The preponderance of the evidence is against finding that the Veteran has had dermatitis at any time during or approximate pendency of the claim.

2. The Veteran has not identified an error of fact or law in the November 2017 rating decision that denied service connection for left ear hearing loss, that compels a conclusion, to which reasonable minds could not differ, that the results would have been manifestly different had the error not been made.

CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for dermatitis have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

2. Clear and unmistakable error is not shown in the November 2017 rating decision that denied service connection for left ear hearing loss. 38 U.S.C. § 5109A; 38 C.F.R. § 3.105(a).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from November 2011 to May 2013 and from January 2016 to October 2016.

In November 2019, the Veteran submitted a VA Form 20-0995, Decision Review Request: Supplemental Claim, and requested readjudication of service connection for dermatitis, allergic rhinitis, and sinusitis claims most recently addressed in a November 2019 rating decision. In April 2020, the agency of original jurisdiction (AOJ) issued the supplemental claim decision on appeal, which continued to deny the claims. 

In the May 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the supplemental claim decision on appeal. 38 C.F.R. § 20.301.

1. Entitlement to service connection for dermatitis.

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004). In the absence of proof of a present disability, there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992).

The Board concludes that the Veteran does not have a current diagnosis of dermatitis; and has not had them at any time during the pendency or recent to the filing of the claims. Romanowsky v. Shinseki, 26 Vet. App. 289, 294 (2013); McClain v. Nicholson, 21 Vet. App. 319, 321 (2007). In her November 2019 Supplemental Claim, the Veteran reported VA treatment for her conditions. A review of private and VA treatment records associated with the claims file contains no diagnoses for shin splints or dermatitis. VA treatment records from 2018 to 2019 document treatment for various conditions, but no treatment for either of the claimed conditions, and a November 2018 VA treatment record specifically reflects that the Veteran denied any skin issues.

While the Veteran believes she has current diagnoses of bilateral shin splints, sinusitis, and dermatitis, she is not competent to provide a diagnosis in this case. The issue is medically complex, as it requires specialized medical education and the ability to interpret complicated diagnostic medical testing. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). As such, these assertions are entitled to no probative weight. Further, the Veteran has not reported any symptoms associated with her claimed dermatitis, or alleged that the symptoms result in functional impairment of earning capacity. Saunders v. Wilkie, 886 F.3d 1356, 136768 (Fed. Cir. 2018); Wait v. Wilkie, 33 Vet. App. 8, 1517 (2020). 

The Board acknowledges that service treatment records indicate that the Veteran sought treatment for dermatitis during service. However, treatment for dermatitis seven years prior to the appellate period is too far removed to establish that there is a current disability. Indeed, as noted above a November 2018 VA treatment record specifically noted the Veteran reported no skin issues at that time.

The existence of a current disability is the cornerstone of a claim for VA disability compensation. 38 U.S.C. §§ 1110, 1131; see Degmetich v. Brown, 104 F.3d 1328, 1332 (1997) (holding that interpretation of sections 1110 and 1131 of the statute as requiring the existence of a present disability for VA compensation purposes cannot be considered arbitrary). While the Veteran may report on symptoms, she is not competent to diagnose the underlying disability. In this case, where the evidence shows no current disability upon which to predicate a grant of service connection, at any time during the claim period, there can be no valid claim for that benefit. Brammer, 3 Vet. App. at 225.

For these reasons, the Board finds that a preponderance of the evidence is against the Veteran's claim for service connection for and dermatitis, and the claim must be denied. As the preponderance of the evidence is against the claims, the benefit of the doubt doctrine is not for application. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

2. Whether there is clear and unmistakable error in the November 6, 2017 rating decision that denied service connection for left ear hearing loss 

In November 2019, the Veteran raised the issue of clear and unmistakable error (CUE) in a November 2017 rating decision that denied service connection for left ear hearing loss. See November 2019 VA Form 20-0995 Supplemental Claim. 

An unappealed rating decision is final and may not be revised unless CUE is found, and then the decision will be reversed and has the same effect as if the correct decision had been made on the date of the prior decision. 38 U.S.C. §§ 5109A , 7105; 38 C.F.R. § 3.105(a). CUE is a very specific and rare kind of error. It is the kind of error in fact or law that when later reviewed compels the conclusion, to which reasonable minds could not differ, that the result would manifestly have been different but for the error. CUE is only established when the correct facts, as they were known at the time, were not before the adjudicator, or the statutory and regulatory provisions extant at the time were incorrectly applied. Even when the premise of error is accepted, if it is not absolutely clear that a different result would have ensued, the error complained of cannot be ipso facto clear and unmistakable. Fugo v. Brown, 6 Vet. App. 40 (1993).

The criteria to determine whether CUE was present in a prior determination are that: (1) either the correct facts, as they were known at the time, were not before the adjudicator (i.e., there must be more than a simple disagreement as to how the facts were weighed or evaluated) or the statutory or regulatory provisions extant at the time were incorrectly applied; (2) the error must be undebatable and of the sort which, had it not been made, would have manifestly changed the outcome at the time it was made; and (3) a determination that there was clear and unmistakable error must be based on the record and law that existed at the time of the prior adjudication in question. Russell v. Principi, 3 Vet. App. 310 (1992).

In adjudicating an assertion of CUE in a prior final denial, only evidence that was in the claims file at the time of the challenged decision may be considered. Pierce v. Principi, 240 F.3d 1348 (Fed. Cir. 2001). Further, CUE should be evaluated using the law as it existed at the time of the challenged decision. See, e.g., Fournier v. Shinseki, 23 Vet. App. 480 (2010).

Allegations that previous adjudications have improperly weighed and evaluated the evidence can never rise to the stringent definition of CUE. Damrel v. Brown, 6 Vet. App. 242, 246 (1994). Similarly, broad brush allegations of "failure to follow the regulations" or "failure to give due process," or any other general, nonspecific claim of error cannot constitute a valid claim of CUE. Fugo, 6 Vet. App. at 44. A breach of the duty to assist cannot form a basis for a claim of CUE. Caffrey v. Brown, 6 Vet. App. 377, 382 (1994) (finding that VA's breach of duty to assist caused incomplete record but not incorrect record); Cook v. Principi, 258 F.3d 1311 (Fed. Cir. 2001). When there is evidence both pro and con on the issue, it is impossible for a Veteran to succeed in showing that the result would have been manifestly different. Simmons v. West, 14 Vet. App. 84, 88 (2000).

To establish CUE based on the failure to consider a particular fact or law, it must be clear from the face of that decision that a particular fact or law was not considered in the RO's adjudication. Evans v. McDonald, 27 Vet. App. 180, 18889 (2014) (en banc). The RO's failure to recite applicable law in a decision, absent evidence to the contrary, does not mean that the correct law was not applied. Natali v. Principi, 375 F.3d 138081.

The Veteran filed an application requesting compensation for bilateral hearing loss in May 2017. See May 2017 VA 21-526EZ, Fully Developed Claim (Compensation). The Veteran alleges CUE in the November 2017 rating decision based on an October 2017 VA examination report and opinion. She contends that service connection should have been granted based on the fact that the examination report showed average decibel loss of 30 in the left ear, a 98 percent speech discrimination score, and provided a positive medical opinion.

In a November 2017 rating decision, the RO denied the claim. The RO indicated consideration of an October 2017 VA examination report and acknowledged that an examiner provided a positive medical opinion that linked left ear hearing loss to acoustic trauma during service. However, the RO denied service connection for left ear hearing loss because audiometric findings did not show a current left ear hearing loss hearing loss disability. 

A hearing loss disability is defined for VA compensation purposes with regard to audiological testing involving pure tone frequency thresholds and speech discrimination criteria. 38 C.F.R. § 3.385. For purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies of 500, 1,000, 2,000, 3,000, or 4,000 Hertz (Hz) is 40 decibels (dB) or greater; or when the auditory thresholds for at least three of the frequencies of 500, 1,000, 2,000, 3,000, or 4,000 Hz are 26 dB or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. Id.

The October 2017 examination report noted, auditory thresholds in the left ear were as follows:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 10 20 30 15 10

LEFT 15 25 35 35 25

Speech recognition was 98 percent in the left ear and 100 percent in the right ear. As auditory threshold at any frequency was not 40 dB or greater, or 26 dB or greater in three frequencies, and the speech recognition score was not less than 94 percent, the Veteran did not have a bilateral hearing loss disability for VA purposes. See 38 C.F.R. § 3.385. The examiner opined that left ear hearing loss was related to service. 

As discussed above, the October 2017 VA examination report is listed as evidence considered, and thus was clearly reviewed. In the rating decision, the RO explicitly discussed audiometric findings and acknowledged the positive medical opinion. The Veteran's arguments that a current left ear hearing loss disability should have been found to be present is incorrect, as the applicable regulations clearly state that a speech recognition score must be 94 percent or lower in order to be considered disabling. Further, while the Veteran argued that her average puretone threshold was 30 decibels, VA relies on the puretone average for rating hearing loss disabilities, not for determining whether a hearing loss disability is actually present. Id. While the Veteran further appeared to argue that service connection was warranted because her listed puretone threshold average and speech recognition score result in a noncompensable rating, this also does not establish the presence of a current hearing loss disability. 

Instead, the October 2017 results clearly reflect that neither the Veteran's puretone thresholds or speech discrimination scores in the left ear met VA's criteria for findings hearing loss to be disabling. In light of the above, the Board finds that the Veteran has not shown that the correct facts were not before the RO at the time of the November 2017 decision, or that the statutes and regulations in effect at the time were not correctly applied. Russell, 3 Vet. App. 310. As such, revision of the prior decision on the basis of CUE is not warranted. 

In sum, the Veteran has not identified an error of fact or law in the November 2017 rating decision that compels a conclusion, to which reasonable minds could not differ, that the results would have been manifestly different had the error not been made, and the claim of CUE in that decision is denied. 38 U.S.C. §§ 1155, 5107, 5110; 38 C.F.R. § 3.400.

REASONS FOR REMAND

3. Entitlement to service connection for allergic rhinitis is remanded.

The Board regrets further delay but finds that there has been a pre-decisional error. 38 C.F.R. § 20.802(a). A claimant is presumed to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, infirmities, or disorders noted at entrance into service, or where clear and unmistakable evidence demonstrates that an injury or disease existed prior thereto and was not aggravated by service. 38 U.S.C. § 1111; 38 C.F.R. § 3.304(b). Only such conditions as are recorded on a claimant's examination report are to be considered as "noted." 38 C.F.R. § 3.304(b). When a preexisting condition is not noted on a claimant's entrance examination, the burden is on the government to rebut the presumption of soundness by clear and unmistakable evidence that the claimant's disability was both preexisting and not aggravated by service. See Wagner v. Principi, 370 F.3d 1089, 1096 (Fed. Cir. 2004).

A review of service treatment records contains the Veteran's June 2011 enlistment examination that does not note an allergic rhinitis disability. Clinical evaluation of the nose and sinuses were normal. In a related Report of Medical History, the Veteran indicated having a pollen allergy. As an allergic rhinitis disability was not noted on entrance, the Veteran was presumed sound. 38 C.F.R. § 3.304(b). In a January 2020 VA opinion, an examiner opined it is less likely than not that the Veteran's current allergic rhinitis incurred in or was caused by the claimed in-service injury, event, or illness. As rationale, the examiner referenced the Report of Medical History at entrance into active duty service in which the Veteran reported a seasonal allergy condition "suggesting the allergic rhinitis pre-existed service." The examiner concluded a nexus to service has not been demonstrated.

Because the examiner suggested that the Veteran's allergic rhinitis preexisted service, but did not provide an opinion on whether there was clear and unmistakable evidence that the disorder both preexisted service and was not aggravated in service, the claim is remanded for a new VA opinion. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007).

4. Entitlement to service connection for sinusitis.

The Board regrets further delay but finds that there has been a pre-decisional error. 38 C.F.R. § 20.802(a). In this case, VA obtained an examination and opinion concerning the claimed sinusitis in December 2019. The examiner stated that on examination the Veteran did not have sinusitis, and further that there was no objective evidence of sinusitis since the Veteran's in-service treatment for the disability. However, in November 2019 the Veteran submitted a private treatment record showing that she was treated for severe sinusitis in January 2019. As the December 2019 opinion is based on an inaccurate factual premise, it is inadequate and therefore a remand for a new opinion is necessary. Id.; Reonal v. Brown, 5 Vet. App. 458, 46061 (1993).

5. Entitlement to service connection for shin splints.

The Board regrets further delay but finds that there has been a pre-decisional error. 38 C.F.R. § 20.802(a). In this case, VA did not obtain an examination or medical opinion concerning the claimed shin splints. However, the Veteran submitted a private treatment record in November 2019 showing treatment for bilateral lower leg pain in November 2019, the Veteran was treated for shin splints in service, and she has generally indicated that the disability has persisted since her period of service. McLendon v. Nicholson, 20 Vet. App. 79 (2006). As such, the Board finds that a remand is required so that a VA examination may be provided to determine the nature and etiology of the claimed shin splints. 38 C.F.R. § 20.802(a).

The matter is REMANDED for the following action:

1. Obtain a medical opinion concerning the nature and likely etiology of the Veteran's claimed allergic rhinitis. The examiner should opine as to the following: 

a) Is there clear and unmistakable evidence that the Veteran's allergic rhinitis pre-existed her period of active duty?

b) If so, it there clear and unmistakable evidence that the disability did not worsen beyond its natural progression during active duty?

c) If the answer to either (a) or (b) is no, is it at least as likely as not (a fifty percent probability or greater) that the rhinitis is causally related to the Veteran's active service?

A clear rationale for all opinions must be provided and a discussion of the facts and medical principles involved would be of considerable assistance to the Board.

2. Obtain a medical opinion concerning the nature and etiology of the Veteran's claimed sinusitis. The examiner should answer the following:

Is it at least as likely as not (a fifty percent probability or greater) that the sinusitis is causally related to the Veteran's active service?

Attention is invited to a January 2019 private treatment record reflecting treatment for severe sinusitis during the period on appeal (labelled "Medical Treatment Record - Non-Government Facility" pg. 1 uploaded 11/13/19).

A detailed rationale for the opinion must be provided. The examiner is reminded that the term "as likely as not" does not mean "within the realm of medical possibility," but rather that the evidence of record is so evenly divided that, in the examiner's expert opinion, it is as medically sound to find in favor of the proposition as against it. 

3. Schedule the Veteran for a VA examination to determine the nature and etiology of the Veteran's claimed shin splints. The examiner should answer the following:

a) Identify all current bilateral lower extremity disabilities.

b) For all identified disabilities, is it at least as likely as not (a fifty percent probability or greater) that the disability is causally related to the Veteran's active service, to include her treatment for shin splints in service?

A detailed rationale for the opinion must be provided. The examiner is reminded that the term "as likely as not" does not mean "within the realm of medical possibility," but rather that the evidence of record is so evenly divided that, in the examiner's expert opinion, it is as medically sound to find in favor of the proposition as against it.

 

 

CHRISTOPHER A. WENDELL

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Amanda Baker, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.